[No. 2,301.]

## THE SOUTHERN PACIFIC RAILROAD COMPANY *v.* EDWARD P. REED, H. W. SEALE, JAMES F. REED, Sr., VIRGINIA E. MURPHY, MARTHA J. LEWIS, JAMES F. REED, Jr., THOMAS K. REED, CHARLES C. REED, THE WESTERN PACIFIC RAILROAD COMPANY, and JAMES F. REED, Administrator of the Estate of Margaret W. Reed.

Taking Portion of a Street for a Railroad.—The condemnation of land in a street for the use of a railroad company, to enable it to lay and operate its track, gives it no title to the land condemned, nor any interest in it, except a mere easement in common with the general public.

DAMAGE FOR LAYING MORE THAN ONE RAILROAD ON STREET.—If a party dedicates a public street through his land, and a railroad company afterwards procures a condemnation of land along the street for its track, and damages are awarded to him therefor, this is no reason why he should not be awarded further damages, to be paid by another railroad company, which seeks to build another track on the same street.

DAMAGES FOR BUILDING RAILROAD ON STREET.—If the authorities of a city grant to a railroad company the right to lay its track along a public street, this grant does not preclude the owners of lots along the line of the street from recovering such damage as they sustain thereby.

IDEM.—A person who owns lots fronting on a street dedicated by himself to the public use, is entitled to damages, if a railroad company lays its track along the street, and by that means obstructs it for the use of teams and vehicles, and if the value of his lots is diminished thereby.

APPEAL from the District Court of the Third Judicial District, Santa Clara County.

The petition of the plaintiff for the condemnation of the land was filed in the District Court on the 25th day of March, 1868. Dame street was opened and used for public travel in 1863, and was recognized as a public street, by the Mayor and Common Council of the City of San José, July 6th, 1863. The Western Pacific Railroad Company commenced proceedings to acquire the right to lay its track along Dame street on the 27th of January, 1865. In that proceeding they sought and obtained a condemnation of a belt of land twenty feet wide on each side of the center of Dame street, leaving Dame street twenty feet wide on each side of the belt thus taken. In that case an appeal was taken to the Supreme Court, and the case is reported in 35 Cal. 621.

In this case the Southern Pacific Railroad Company sought to acquire the right to lay their track and pass their trains over the same forty feet of land condemned for the use of the Western Pacific Railroad Company, the central line of their track being eleven feet and two inches distant from the center of Dame street and the central line of the track

of the Western Pacific. The property of respondent, Seale, was in the same condition, with reference to the Western Pacific, as that of E. P. Reed; but the Southern Pacific took a portion of his land in addition to that taken by the Western Pacific. The Commissioners awarded Seale fifty dollars damages for his land taken, and six hundred and fifty dollars for damages to his land not taken. James F. Reed and his children owned one hundred and fifty acres, and the land taken for the track of the Southern Pacific was a portion of this tract. The Commissioners awarded them one thousand five hundred and forty dollars for their land taken, and four thousand and one hundred dollars for damage to their land not taken.

The other facts are stated in the opinion.

*Peckham & Payne,* for Appellants.

The ordinance of the Mayor and Common Council of San José was passed in pursuance of authority conferred upon them by the Legislature. (See Laws of 1861, p. 618, Sec. 21.) This ordinance conferred upon the railroad company the right to lay their track upon the street, and to pass and repass over it with their trains, without making any compensation to the original proprietor of the soil. The mere possibility of reverter to the original owner, or his heirs or grantees, is not an appreciable interest requiring compensation. (See *Wright* v. *Coster,* 3 Dutcher, 76; *Plant* v. *Long Island Railroad Co.,* 10 Barb. 26; *Adams* v. *The Saratoga and Washington Railway,* 11 Barb. 414; *Chapman* v. *Albany and Schenectady Railway,* 10 Barb. 360; *Drake* v. *The Hudson River Railway,* 7 Barb. 508; *Applegate* v. *Lexington and Ohio Railway,* 8 Dana, 289; *Wolf* v. *The Covington and Lexington Railway,* 15 B. Munroe, 404; *Williams* v. *The New York Central Railway,* 18 Barb. 222, 246; *Brainard* v. *Connecticut River Railway,* 7 Cushing, 506.)

*S. O. Houghton*, for Respondents.

The only right a railway company can acquire to a street of a city is the same easement which the public in general enjoy. The grant by the City of San José only gives the appellants the public property in the street, and does not prevent E. P. Reed from recovering any damages that he may sustain by reason of the location of the road in question. (*Fletcher* v. *Auburn and Syracuse Railroad Co.*, 25 Barb. 463, 464.) That Reed will be damaged by the construction of appellants' road, is beyond question. His property will be to a great extent inaccessible, unless he gives to the public at least ten feet off of the front of his property, on the side upon which the additional track is laid. "The owner of land adjacent to a street has a right, as an essential incident to his title, to certain services and easements in the street, which are as inviolable and may be as valuable to him as his right to the land itself; among these is the right to free and unobstructed passage into and upon the street to and from his adjacent land." (*Chapman* v. *The Albany and Schenectady R. R. Co.*, 10 Barb. 367.)

By the Court, CROCKETT, J.:

This is an appeal by the Southern Pacific Railroad Company from a judgment awarding damages to each of the respondents, severally, for lands in the City of San José, taken by the appellant for the use of its railroad. The respondent, E. P. Reed, was the owner of a considerable tract, containing about thirty acres, within the corporate limits of the city, and in the year 1862 laid it out into lots and blocks, fronting on a street called Dame street, which he opened and laid out through the property with a view to enhance its value. Subsequently, the Western Pacific Railroad Company obtained the right of way for its road through

said street, and damages to the amount of three thousand dollars were awarded to said Reed and paid to him by said company; and thereupon the track of their road was laid in the center of said street, and has ever since continued to be used for the conveyance of freights and passengers. In 1868 the city authorities, by ordinance, granted to the Santa Clara and Pajaro Valley Railroad Company the right to lay their track through said street; but the right was not exercised, and the company assigned to the Southern Pacific Railroad Company whatever rights it acquired in this respect under the ordinance. The street is eighty feet wide, and the Southern Pacific Railroad Company has laid its track on one side of the street, as near to the track of the Western Pacific Company as could conveniently be done to permit of the safe passage of trains over the two roads. But there is left a very narrow space between the track of the Southern Pacific Railroad Company and the sidewalk—too narrow to allow the safe transit of teams and vehicles when trains are passing over that part of the road. In the present action the Commissioners awarded to Reed damages to the amount of two thousand dollars, which award was confirmed by the Court; and the company has appealed. The award is resisted on three grounds, to wit: First—That Reed has already been paid by the Western Pacific Railroad Company all the damages which he has sustained or to which he is entitled by reason of the use of the streets for railroad purposes. Second—That, as assignee of the Santa Clara and Pajaro Valley Railroad Company, the Southern Pacific Railroad Company is authorized, by ordinance of the city, to lay its track through the street without the payment of damages to any one. Third—That the damages awarded are excessive, and not justified by the proofs. But neither of these grounds is tenable. If it be conceded that Reed dedicated the lands included in the street to public use as a highway for ordinary travel, with a view to enhance the value of his

conterminous lands (and the evidence shows that it had that effect), it by no means results that his adjoining lands may not be greatly depreciated by devoting the street to railroad purposes—a purpose not contemplated by him when the street was opened. Taking this view of his rights, the Court awarded to him three thousand dollars for the damages which he suffered by the location of the track of the Western Pacific Railroad Company through the street. But this gave to that company no title to the land, nor any interest in it, except a mere easement, consisting of a right of way over the street, in common with the general public. If private property was injured by the use and enjoyment of this easement by the company, the owners of it were entitled to a just compensation. But the damages paid to Reed by the Western Pacific Railroad Company were only those which he suffered from the location of the road of that company. But it by no means follows that the location of another railroad in the same street may not inflict additional, and perhaps much greater damage. A single railroad track in the center of a wide street may not very seriously obstruct ordinary travel; but another railroad track, by the side of the first, may so obstruct the street as almost to exclude it from use by teams and vehicles. It is too plain for discussion, that each succeeding railroad track laid through a public street tends to obstruct, in an additional degree, ordinary travel through it; and if the whole street be occupied with railroad tracks it would be comparatively useless as a highway for other purposes. If, therefore, Reed was damaged by the use of the street by the Southern Pacific Railroad Company, he was entitled to a just compensation. Nor can the company escape its liability for the damage on the ground that, as assignee of the Santa Clara and Pajaro Valley Railroad Company, it was authorized, by the ordinance, to lay its track through this -street. Without the consent of the city authorities none of

the streets of the city could be used for that purpose; but this consent, when obtained, in no wise touches the question of damages to private property on the line of the street. The right to a just compensation for the injuries inflicted on private property by the appropriation of the street to a public use not contemplated when it was opened and dedicated as a highway for ordinary travel, is in nowise affected by the question whether the city authorities did or did not consent to such appropriation.

The two propositions have no just or necessary relation to each other; and the right to a just compensation in no degree depends upon, or is affected by, the fact that the city authorities did or did not consent to such use of the street. Nor can we disturb the award on the ground that the damages are excessive, and not justified by the evidence. On this point it would be sufficient to say that there is a substantial conflict in the evidence; but, giving proper weight to the judgment of the Commissioners, we think the preponderance of the evidence is in favor of the award.

The views already expressed are decisive of the case of the respondent, Seale. We discover no error in the award of damages to him. In respect to the case of the respondent, James F. Reed, and his children, the appeal is frivolous. No plausible ground whatsoever is alleged why the award should be set aside, or is unjust.

Judgment affirmed as to the respondents, Seale and E. P. Reed; and as to the respondent, James F. Reed, and his children, it is affirmed with twenty per cent damages.