[No. 6,975.—Department One.]

## JOHN FORD v. THE SANTA CRUZ RAILROAD COM-PANY.

PUBLIC NUISANCE—SPECIAL DAMAGES—MEASURE OF DAMAGES—RAILROAD —STREET.—In an action to recover damages caused by the construction of defendants' road-bed in the street in front of the plaintiff's lot, it appeared that the track of the defendant was laid through the street by the consent and permission of the town authorities, but that in front of the plaintiff's lot it was elevated considerably above the street, and ingress and egress to the plaintiff's lot was much impeded thereby.

*Held*, that the plaintiff was entitled to recover the damages sustained by him prior to the commencement of the suit.

APPEAL from a judgment for the plaintiff in the Twentieth District Court, County of Santa Cruz. BELDEN, J.

The Court found, among other things, as follows:

By authority of the Legislature of California, and by the consent and permission of the Board of Supervisors of Santa Cruz County, and of the town authorities of the town of Watsonville, said defendant in the month of April, 1876, laid the track of its road through said Walker street to the "Pajaro River." When said road was first laid it was not graded, but was laid upon the natural level and grade of said street.

In the month of November, 1876, the defendant constructed a permanent bridge for its road across the "Pajaro River;" said bridge was placed as low as its security from floods would permit. After the completion of said bridge the road through Walker street was graded and so raised as to connect with said bridge, and has since been so kept and maintained.

The grade so changed and raised, has caused an embankment of earth through the whole length of "Walker street" above the former level of the street, and of height varying from a few inches to four feet at the several points upon said "street." Over said road so raised and graded the defendant, from that date to the present time, has daily passed two or more trains of cars.

Ingress and egress to this lot is much impeded by this embankment. I find that the value of the use of this Rudolph lot has been diminished five dollars per month by the construction and maintenance of this embankment, to wit, from

the month of November, 1876, to the date of the filing of this complaint.

A petition for hearing in Bank was filed in this case after judgment, and denied.

*Charles B. Younger,* for Appellant.

Defendant's railroad was built by authority of the Legislature and by the consent and permission of the authorities of the town of Watsonville and of the Board of Supervisors, through the center of Walker street. In order to construct its road to Pajaro, defendant had to build a railroad bridge across the Pajaro River; this bridge was placed as low as security from floods would permit, and subsequently Walker street was graded and so raised as to connect with said bridge.

In such case no damage can be recovered. (*Carson* v. *Central Railroad Company,* 35 Cal. 325; *Green* v. *Swift,* 47 id. 536; *Transportation Co.* v. *Chicago,* 99 U. S. 635; *Lansing* v. *Smith,* 8 Cowen, 146; *Kellinger* v. *Railroad Company,* 50 N. Y. 206; *Gould* v. *Hudson River Railroad Company,* 6 id. 522; *Pittsburg, Cincinnati, and St. Louis Railroad Company* v. *Brown,* 33 Am. Rep. 75.)

*Julius Lee,* for Respondent.

"The consent of the town authorities, when obtained, in no wise touches the question of damages to private property on the line of the street." On this point see *Fletcher* v. *Auburn and Syracuse R. R. Co.,* 25 Wend. 462; *S. P. R. R. Co.* v. *Reed,* 41 Cal. 256.

The right which the owner of a lot has to the enjoyment of an adjoining street is a part of his property, and can only be taken for public use on just compensation made. (*Tate* v. *Ohio & Miss. R. R. Co.,* 7 Ind. 479; *Craig* v. *Rochester & B. R. R. Co.,* 39 N. Y. 408; *Fletcher* v. *Auburn & S. R. R. Co.,* 25 Wend. 462; *S. P. R. R. Co.* v. *Reed,* 41 Cal. 256; *Carpenter* v. *O. & S. R. R. Co.,* 24 N. Y. 655; *Mahon* v. *N. Y. C. R. R. Co.,* id. 658; *Bradley* v. *N. Y. & N. H. R. R. Co.,* 21 Conn. 294; *Gardiner et al.* v. *Boston & Worcester R. R. Co.,* 9 Cush. 1; *Schulte* v. *N. P. Trans. Co.,* 50 Cal. 592; *George* v. *N. P. Trans. Co.,* id. 589.)

Until compensation is made, the use of such street by a railroad company is unlawful.

The COURT:

The facts alleged and found show special damage to Rudolph and his lot not common to the public at large. The defendant was liable only for damages actually sustained prior to the commencement of the suit (*Hopkins* v. *W. P. R. R. Co.*, 50 Cal. 190), and none other was allowed. Neither the statute nor any ordinance of the city authorized the use by defendant of the street in such manner as interfered with the use by the public, or prevented ingress and egress to or from the property lining the street.

Judgment affirmed.