[No. 13673. Department One. — November 21, 1890.]

GAETANO BERONIO, Appellant, v. THE SOUTHERN PACIFIC RAILROAD COMPANY, Respondent.

Former Adjudication — Eminent Domain — Construction of Railway — Judgment for Partial Damages — Continued Operation of Road. — A judgment for damages to an abutting lot, caused by the construction of a railway along the street, is a bar to an action for damages to another abutting lot, owned by the same party, two hundred and sixty feet distant from the first lot, arising from the same cause, and accruing at the same time, and prior to the filing of the complaint in the first action; nor is he entitled to recover for the continued operation of the railroad after the judgment in the former action, where the evidence shows no damages accruing after that date.

Id. — Splitting Cause of Action — Injury to Several Parcels Forms Single Tort. — In cases of tort, the question as to the number of causes of action which the same person may have turns upon the number of torts, and not upon the number of different pieces of property which

may have been injured thereby.   Each separate tort gives a separate cause of action, and but a single one, and whenever by one act a permanent injury is done to several pieces of property, the damages are assessed once for all, and the cause of action is wholly merged in a recovery of damages for injury to one of the parcels.

Id. — Subsequent Construction of Side-track. — Where the owner of the lots claimed that he was entitled to recover for the damages to his lot, involved in the first suit, by reason of the construction and operation of a switch and side-track since the judgment in the first action, and the court ruled in his favor in that regard, but he failed to prove any damages accruing specially by reason of such construction, a verdict in favor of the railroad company will not be disturbed.

Amendment of Answer at Trial — Discretion. — It is not an abuse of the discretion of the court to permit an answer to be amended after the jury is impaneled, where it does not appear that the plaintiff was taken by surprise, or suffered any injury therefrom.

Appeal from a judgment of the Superior Court of Ventura County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*H. L. Poplin,* and *Barnes & Shelby,* for Appellant.

The instruction to the effect that plaintiff cannot recover for injury caused to his property by the continued obstruction of the street by the railroad therein after the former action was commenced is in conflict with the decisions of this court. (*Ford* v. *Santa Cruz R. R. Co.,* 59 Cal. 290; *Hopkins* v. *W. P. R. R. Co.,* 50 Cal. 190.) As the town authorities have no authority by ordinance to authorize the defendant to occupy or use the street for construction, operation, or maintaining a railroad therein, such railroad obstructing the street is an actionable nuisance.   Every injury caused by the continuance of such nuisance affords a new and distinct cause of action.   (*Hopkins* v. *W. P. R. R. Co.,* 50 Cal. 194; *Schulte* v. *N. P. Trans. Co.,* 50 Cal. 592; *Ford* v. *Santa Cruz R. R. Co.,* 59 Cal. 290.)   Had the claims for damages to both separate and distinct tracts of land been included as one cause of action, the complaint would have been objectionable for so "jumbling together"

different causes of action. (*Buckingham* v. *Waters*, 14 Cal. 147; *Watson* v. *San Francisco etc. R. R. Co.*, 41 Cal. 19; *Nevada County etc. Canal Co.* v. *Kidd*, 43 Cal. 184; *McCarty* v. *Fremont*, 23 Cal. 197; Pomeroy's Remedies and Remedial Rights, secs. 448, 455–457.) The plaintiff may elect to sue upon distinct causes of action separately, even when they belong to a class that might be joined, provided their entirety is not the same. (Estee's Pleading, 3d ed., sec. 316; Boone's Code Pleading, sec. 38; *Secor* v. *Sturgis*, 16 N. Y. 548; Pomeroy's Remedies and Remedial Rights, sec. 494, and authorities cited in note 3; *Lamport* v. *Abbot*, 12 How. Pr. 340; *Brice* v. *Kelly*, 5 Hun, 229.)

*R. B. Canfield*, and *Blackstock & Shepherd*, for Respondent.

The plaintiff, having accepted compensation for the permanent appropriation of the street by defendant's railway, was estopped from claiming that it constituted only a temporary obstruction to the street up to the time of the commencement of the former action, and that thereafter it was a continuing nuisance. (*Indiana etc. R'y Co.* v. *Eberle*, 110 Ind. 542; 59 Am. Rep. 225; 1 Sutherland on Damages, 196; *Grafton* v. *Baltimore & Ohio R'y Co.*, 17 Am. & Eng. R. R. Cas. 200.) As plaintiff introduced no evidence to show that any injury or damage was done to plaintiff's premises by the continued operation of the main track, he could recover no damages therefor. (Code Civ. Proc., sec. 1981; *Estate of Wooton*, 56 Cal. 322.) The judgment in the former action for damages to lot 19 was a complete *retraxit*, and a bar to further proceedings for the same cause. (*Merritt* v. *Campbell*, 47 Cal. 543.) When the invasion of a person's rights results from one act, or a connected series of acts, on the part of the alleged wrong-doer, constituting substantially one transaction, only one cause of action exists, although the rights invaded may be connected with

different pieces of property, or be different in their character, or even though the results of the tort be realized at different periods of time. (1 Sutherland on Damages, 175, 183; 3 Sutherland on Damages, 372; *Marble* v. *Keyes,* 9 Gray, 221; *Trask* v. *H. & N. H. R'y Co.,* 2 Allen, 331; *Folsom* v. *Clemence,* 119 Mass. 473; *Brannenburg* v. *Railroad,* 13 Ind. 103; 74 Am. Dec. 250; *Herriter* v. *Porter,* 23 Cal. 385; *People* v. *Tweed,* 63 N. Y. 194; *Walter* v. *Continental Ins. Co.,* 5 Hun, 343; *Collins* v. *Cowen,* 52 Wis. 434.) Plaintiff had no additional claim on account of the continued operation of the road after its completion, such operation not appearing to have been negligent, or in any way improper, and not appearing to have imposed upon the plaintiff any inconvenience not suffered by the public at large. (2 Wood's Railway Law, 723, 724; cases collected in note to *Rochette* v. *Railroad,* 17 Am. & Eng. R. R. Cas. 195; *Hogan* v. *C. P. R. R. Co.,* 71 Cal. 83.)

Fox, J. — The town of San Buenaventura is a municipal corporation. The legal title to the lands comprising Front Street in said town was granted to the then town authorities October 13, 1869, "as a public street, to be forever kept open and maintained as such, and not to be used for any other purpose, nor be diminished in width." On the 4th of October, 1886, the president and board of trustees of the town, by ordinance, granted to the defendant a right to lay, maintain, and operate a single or double track railroad along and upon said Front Street for the whole length thereof, from a point near Kalorama Street, etc. The plaintiff owned two lots fronting on the north side of said street, one situate in block 19, and one in block 20, the two being separated by a distance of 260 feet. The railroad was constructed along said Front Street prior to September 13, 1888, and on that day plaintiff commenced an action against defendant for damages to his lot situate in block 19, by reason of a cut

and fill made in the construction thereof, and on the twenty-sixth day of January, 1889, the amount of plaintiff's damages were agreed upon and settled between the parties, and paid by defendant to plaintiff, and thereafter, in pursuance of the agreement between the parties, judgment was entered in the cause in favor of defendant. Afterwards the defendant put in a switch on the south side of the street, opposite said block 19, and thereupon the plaintiff brought this action, alleging in the first count of his complaint damages by reason of the construction and maintenance of said railroad in front of his lot in block 20, and in the second count, damages to his said lot in block 19, accrued since the former settlement and judgment, by reason of the continuance of said railroad, and the operation thereof, and of the construction of said switch in front of his said lot in block 19.

The defendant denied all the allegations of the complaint other than those of incorporation, pleaded its license from the municipal authorities, and, as a separate defense to the second cause of action, pleaded the former settlement, payment, and judgment in bar. At the trial, after the jury was impaneled, but before the introduction of any evidence, defendant moved the court for leave to amend its answer, by pleading the former settlement and judgment as a bar to all the causes of action set out in the complaint. To this the plaintiff objected, on the ground that the amendment did not constitute a defense. After argument, the court overruled the objection, and the amendment was made, the court not imposing terms, to which plaintiff excepted, but plaintiff asked no continuance on account of such amendment. Plaintiff then introduced some evidence tending to show damage to his lot in block 20 by reason of the construction of said railroad, a cut of eighteen inches in depth having been made in the street by reason thereof. Defendant then introduced the judgment roll in the former case, which was admitted without

objection, and it was admitted by the parties that the parties to that action were the same as to this; that the railroad mentioned in the former complaint was one and the same railroad as that mentioned in this case; that plaintiff at the time owned the same lots as now, and was then the owner of the same cause of action upon which he now claimed under his first count of the present complaint; and that the said two lots were separated by a distance of 260 feet. Plaintiff then proposed to introduce further evidence as to his damage to the lot situate in block 20, — the cause of action mentioned in the first count of his complaint, — but the court ruled the same out, on the ground that his claim for such damages was barred by the said former judgment. Plaintiff admitted that he had no claim for damage to his lot in block 19, caused by the construction of the railroad's main track.

The record fails to show the introduction or offer of any evidence of damage by reason of the construction and maintenance of the switch. The plaintiff asked the court to instruct the jury that the former settlement and judgment were not a bar to any claim for damages done to the lot in block 20; that such damages, if any, constituted a separate cause of action from that sued for in the former case, and if any such were found, the same should be included in a verdict for plaintiff. The court refused to so instruct the jury, and, on the contrary, instructed the jury that, as the case was presented, the only question for their consideration was the damages, if any, done to the lot in block 19 by reason of the construction and operation of the switch and side-track in front of his premises in that block. To all these rulings the plaintiff excepted.

We think there was no error in the rulings or instructions of the court in this behalf, so far as relates to any damage accruing to either of plaintiff's lots prior to and up to the time of filing his complaint or making his

settlement in the former action.  The elements of his damage up to that time may have been multifarious, but the cause of it was a unit, — the construction and operation of a single railroad, which was complete at the time. The fact that it damaged two lots belonging to the same man, at the same time and by the same means, no more created two causes of action than if two horses belonging to the same man had been killed by a single collision with a locomotive, and this has been held to constitute but a single cause of action.  (*Brannenburg* v. *Railroad Co.*, 13 Ind. 103; 74 Am. Dec. 250.)  In cases of tort, the question as to the number of causes of action which the same person may have turns upon the number of the torts, not upon the number of different pieces of property which may have been injured.  Each separate tort gives a separate cause of action, and but a single one. (1 Sutherland on Damages, 183, and cases cited.)  Whenever by one act a permanent injury is done, the damages are assessed once for all.  (3 Sutherland on Damages, 372.)  This principle is established in *Marble* v. *Keyes*, 9 Gray, 221, and in very many other cases.  There is nothing in the authorities cited by appellant in conflict with this view.

Appellant claims that he was entitled to recover for the damages sustained by the continued operation of the railroad after the settlement and judgment in the former case.  This claim conflicts with the authorities already cited, but under *Hopkins* v. *Railroad Co.*, 50 Cal. 190, and *Ford* v. *Railroad Co.*, 59 Cal. 290, there might be some force in the argument, if there was anything in the case upon which to base it.  But the record shows that plaintiff admitted that he had no claim for damages to the lot in block 19, accruing after the date of the former complaint, and it fails to show any proof of damages to either lot after that date.

Appellant also claims that he was entitled to recover for the damages to his lot in block 19 by reason of the

construction and operation of the switch and side-track. The court ruled in his favor in that regard, and he proved the fact of the construction and operation of the switch and side-track, but his record fails to show that he offered to prove any damages by reason thereof. We cannot therefore disturb the verdict of the jury in that regard.

Appellant also complains of the action of the court in permitting the answer to be amended after the jury was impaneled, and in denying his subsequent motion to strike out the amendment. This was a matter entirely in the discretion of the court. The plaintiff does not seem to have been taken by surprise, or to have suffered any injury therefrom, and we do not perceive that there was any abuse of discretion.

Judgment and order affirmed.

PATERSON, J., concurred.

WORKS, J., concurring. — I concur in the judgment. Under the circumstances of this case, the lots claimed to have been affected lying near to, if not adjoining, each other, and the road being completed at the time the first action was brought, the settlement of that case was rightly held to be a bar to the second action. But a case might arise where a road being constructed would pass over and affect two tracts of land owned by the same person, the tracts being a long distance apart, and that part of the road affecting one piece of land be constructed long before the part affecting the other piece. In such a case, the construction of the whole road could not with any propriety be treated as but one act, and the land-owner be compelled to delay his action until the whole road is completed, and join his action for damages to both pieces of land, or bring his action for both, when it may be uncertain whether the last part of the road will ever be completed or not. Under such circumstances, separate actions should be allowed, and, in my judgment, the opinion of Mr. Justice Fox is too broad in its language in this respect.