[No. 32.    Second Appellate District.—August 17, 1905.]

## J. R. COATS, Respondent, v. ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, Appellant.

STREETS—RIGHT OF ACCESS—CONSTITUTIONAL LAW.—The right of the owner of land abutting on a city street to access over it to and from his premises is itself a right of property of which, under article I, section 14, of the constitution, he cannot be deprived without compensation.

ID.—RAILROADS—USE OF STREET—MUNICIPAL CORPORATIONS—MEASURE OF DAMAGES.—A railroad company, although it may have a license from the municipal authorities to use a street for its railroad purposes, is liable to an abutting landowner for injuries inflicted on him by such use in being deprived of access over the street to and from his premises; and in an action by the landowner to recover for the injuries so inflicted the measure of damages is the amount which will compensate him for all the detriment proximately caused by such use.

ID.—ABATEMENT OF NUISANCE—DEMAND.—Under section 3483 of the Civil Code the abutting landowner may maintain an action against the railroad to recover the damages sustained by him in being deprived of access to his premises without making a demand on the railroad for the abatement of the nuisance causing the damages.

APPEAL from a judgment of the Superior Court of Tulare County and from an order refusing a new trial. W. B. Wallace, Judge.

The facts are stated in the opinion of the court.

T. J. Norton, E. E. Millikin, and U. T. Clotfelter, for Appellant.

Charles G. Lamberson, for Respondent.

SMITH, J.—The plaintiff is the owner of a lot of land in the city of Visalia, fronting on the east side of East Street, on which, from a date anterior to the transactions involved in this case, he had, and had been, operating a foundry and machine-shop and repair-shop for machinery. The defendant is the successor in interest of The San Francisco and San Joaquin Valley Railway Company, and is maintaining in East Street, between the main track of its road and the east line of the street, a side-track erected by its predecessor on an embankment of about two feet elevation, which prevents access to the plaintiff's premises, and has thus seriously interfered with the use of the premises for the purposes of his business. The suit was brought for resulting damages, and plaintiff recovered verdict and judgment for eight hundred dollars—being the damages suffered by the plaintiff from the commencement of the maintenance of the nuisance by the defendant to the commencement of the suit. The appeal is from the judgment and from an order denying the defendant's motion for a new trial.

The points urged by the appellant, or those that need be considered, are: 1. That the side-track and embankment were constructed by its predecessor under an ordinance of the city of Visalia authorizing their construction, and hence were not unlawful, and consequently not a nuisance; 2. That under the pleadings and evidence in the case plaintiff was not entitled to recover more than nominal damages; and 3. That demand upon the defendant for abatement of the nuisance was essential to plaintiff's action, and that such demand was not made.

1. In support of its first point the defendant relies upon the license given its predecessor by subdivision 5 of section

465 of the Civil Code, "to construct its road over the street,"
and an ordinance of the city of Visalia authorizing it to do so.
But in the license pleaded it is expressly provided, as a condi-
tion of using the street, that the corporation shall restore it
"to its former state of usefulness as near as may be, or so
that the railroad shall not unnecessarily impair its useful-
ness." Under these and preceding provisions of the law, it
has been held in many cases in this state that the consent of
the city authorities to use its street for railroad purposes "in
no wise touches the question of damages to private property
on the line of the street," and that the right to a just com-
pensation for the injuries thus inflicted is in no wise affected
by the question whether such consent had been or had not
been given. (*Southern Pacific R. R. Co.* v. *Reed,* 41 Cal. 262;
*Schulte* v. *Northern Pacific Trans. Co.,* 50 Cal. 592; *Severy* v.
*Central Pacific R. R. Co.,* 51 Cal. 197; *Ford* v. *Santa Cruz
R. R. Co.,* 59 Cal. 290; *Beronio* v. *Southern Pacific R. R. Co.,*
86 Cal. 421, [21 Am. St. Rep. 57, 24 Pac. 1093].) The first
case cited is, indeed, criticised in *Montgomery* v. *Santa Ana
etc. Ry. Co.,* 104 Cal. 186, 196, [43 Am. St. Rep. 89, 37 Pac.
786], but the same point was not involved in that case; and
what is there said upon the general subject is questioned in
*O'Connor* v. *Southern Pacific R. R. Co.,* 122 Cal. 684, [55 Pac.
688]. But the principle in *Southern Pacific R. R. Co.* v.
*Reed* cannot be justly questioned, for it is a settled principle
that the right of the owner of land abutting on a street to
access over it to and from his premises is itself a right of
property, of which, under the constitutional provisions, he can
no more be deprived without compensation than of any other
property. (*Schaufele* v. *Doyle,* 86 Cal. 109, [24 Pac. 834];
*Eachus* v. *Los Angeles Electric Ry. Co.,* 103 Cal. 617, [42 Am.
St. Rep. 149, 37 Pac. 750]; *Brown* v. *Board of Supervisors,*
124 Cal. 280, [57 Pac. 82].)

There was an exception, or apparent exception, to this
principle in favor of the right of the municipality to grade
its streets, by which it and its proper agents were exempted
from liability, unless for negligence in the work. But in
this case, the defendant's predecessor was not the agent of
the city for that purpose; nor would the city itself have been
authorized to raise embankments over portions of the street,
except as part of the entire work of grading the street. Now,

by section 14 of article I of the constitution, the power heretofore vested in the municipality in this regard has been taken away, and it is provided: "Private property shall not be taken or damaged for public use without just compensation having been first made to or paid into court for the owner." (*Reardon* v. *San Francisco,* 66 Cal. 492, [56 Am. Rep. 109, 6 Pac. 317] ; *Eachus* v. *Los Angeles Electric Ry. Co.,* 103 Cal. 617, [42 Am. St. Rep. 149, 37 Pac. 750] ; *Eachus* v. *Los Angeles,* 130 Cal. 492, [80 Am. St. Rep. 147, 62 Pac. 829].) It is clear, therefore, that the defendant's predecessor in erecting, and the defendant in maintaining, the nuisance complained of are to be regarded as ordinary tortfeasors.

2. As to damages, there is nothing in the case to take it from under the application of the general rule applying to nuisances and other injuries to land (1 Sedgwick on Damages, 267, 274, 294, citing *Hatfield* v. *Central R. R. Co.,* 33 N. J. L. 251; Wood on Nuisances, sec. 830; 2 Greenleaf on Evidence, sec. 474) ; which is "that every person who suffers detriment from the unlawful act or omission of another may recover from the person in fault a compensation therefor in money" (Civ. Code, sec. 3281) ; which, except where otherwise provided, shall be "the amount which will compensate for all the detriment proximately caused thereby." (Civ. Code, sec. 3333.)

This may be in some cases the deterioration in the market value of the property, as, e. g., where the nuisance is a continuing one and cannot be abated. (2 Greenleaf on Evidence, sec. 468; Wood on Nuisances, sec. 856; *Eachus* v. *Los Angeles Electric Ry. Co.,* 103 Cal. 617, [42 Am. St. Rep. 149, 37 Pac. 750] ; *Eachus* v. *Los Angeles,* 130 Cal. 492, [80 Am. St. Rep. 147, 62 Pac. 829].) But it is not always that this measure of damages is admissible. (*Hopkins* v. *Western Pacific R. R. Co.,* 50 Cal. 194; *Severy* v. *Central Pacific R. R. Co.,* 51 Cal. 197.) Ordinarily, he is entitled to recover only an amount sufficient to compensate him for his actual detriment; and this he is always entitled to recover. Hence, it is said, in cases of nuisance, "the rule of damages . . . is the amount of injury actually sustained at the commencement of the suit" (2 Greenleaf on Evidence, sec. 474; Wood on Nuisances, sec. 855) ; though "where the damages are of a per-

manent character and go to the entire value of the estate affected by the nuisance (it is said) a recovery may be had of the entire damages in one action." (Wood on Nuisances, sec. 856.)

The case of *Eachus* v. *Los Angeles Electric Ry. Co.*, 103 Cal. 617, [42 Am. St. Rep. 149, 37 Pac. 750], is not in conflict with these principles. That was a case of the kind noted above, where the deterioration of the value in the land was the proper measure of damages, and in which there was no other damage claimed by the plaintiff. Nor can the language cited by the appellant from the opinion in that case bear the construction put on it. What is said is in effect that "a mere infringement of the owner's personal pleasure and enjoyment," etc.—as, e. g., by "the erection of a county jail or a county hospital," is not a ground for damages; which is but to say that a party cannot recover for a mere interference with his personal pleasure and enjoyment where "no right has been violated"; or, in other words, for *damnum absque injuria.* (Wood on Nuisances, sec. 867.) But from the very definition of nuisance, where his right is violated, it is clear that he may recover damages for any interference "with the comfortable enjoyment of . . . [his] property." (Civ. Code, sec. 3479; Code Civ. Proc., sec. 731.) So what is said with reference to the diminution in value of the property "for some particular use" is to be understood as referring to the case before the court, where the question at issue was only as to the value of the property.

The position of appellant in this regard seems to be that the measure of damages in the case of nuisance affecting real property is the deterioration in the market value of the land by reason of the nuisance. This, indeed, is the measure of damages established by the code in suits for the condemnation of land (Code Civ. Proc., sec. 1248); but we cannot conceive upon what principle the same measure of damages must be applied in suits for damages for nuisance or trespass; and to apply it generally would be in conflict with the very definition of nuisance as given in the codes, and with the provisions of the Civil Code as to the measure of damages in case of tort, and with the authorities on the subject. For, though under the provisions of the law, as it stood before and since the adoption of the new constitution, the right to con-

demn the plaintiff's right in the street was accorded to the defendant, yet it has not thought fit to avail itself of this privilege, and it therefore stands, as we have already said, in the position of a mere tort-feasor. Nevertheless, the appellant's claim seems to be supported to some extent by the decision in *Kishlar* v. *Southern Pacific R. R. Co.*, 134 Cal. 636, [66 Pac. 848], where it was apparently held—in a case where the plaintiff was a leaseholder of a lot which he used in the business in which he was engaged and the value of which for that purpose was entirely destroyed by the shutting off of access to it by the defendant—that the plaintiff was entitled to recover "only the fair market value of the plaintiff's property" (i. e., of his lease). But by reference to the record in that case it will be seen that this was in effect conceded by both parties, and that the only question considered by the court was the contention of the appellant that the use of the land "to the plaintiff for a particular purpose" was "a proper element to be considered by the jury, . . . and should not be taken from the jury in arriving at market value" (p. 639) ; and in support of this proposition the case cited by the appellant was *San Diego Land Co.* v. *Neale*, 88 Cal. 50, [25 Pac. 977], which was a condemnation suit; as was also the case of *Santa Ana* v. *Harlin*, 99 Cal. 538, [34 Pac. 234]. Naturally, therefore, the question here involved was not considered by the court, and the decision cannot be regarded as an authority upon the general proposition.

In the present case, the damage to the plaintiff's land, and to the business carried on by him on the land, was clearly proven; and under the evidence introduced the amount found by the verdict cannot be regarded as excessive. (Code Civ. Proc., sec. 657, subd. 5 ; *Boyce* v. *California Stage Co.*, 25 Cal. 460 ; *Lee* v. *Southern Pacific R. R. Co.*, 101 Cal. 120, 121, [35 Pac. 572].)

As to the claim of the appellant that demand to abate the nuisance was necessary to the plaintiff's action, the doctrine contended for by the appellant, if previously existing, was abrogated by section 3483 of the Civil Code. (See note to this section in Reviser's Edition.) Whether want of knowledge of the existence or noxious character of a nuisance would be a defense to an action (*Grigsby* v. *Clear Lake Water Co.*, 40 Cal. 396), need not here be considered, as there was evi-

dence in the case to justify the jury in finding such knowledge.

For the reasons given, we are of the opinion that the judgment and order appealed from should be affirmed, and it is so ordered.

Gray, P. J., and Allen, J., concurred.