[Civ. No. 6440.   Second Appellate District, Division One.—April 22, 1931.]

D. J. DANDOY, Appellant, v. OSWALD BROS. PAVING COMPANY (a Corporation) et al., Defendants; GEORGE H. OSWALD, Respondent.

Collamer A. Bridge for Appellant.

George D. Blair for Respondent.

CONREY, P. J.—The plaintiff was the owner of two lots which together included an area of a little over one acre of land. The defendant, while performing a street work contract on a street not far from the plaintiff's premises, dumped upon plaintiff's land and spread out over said land a large quantity of materials which accumulated in the course of performance of the street work. This was done while the plaintiff was absent from the state of California, and was done without the consent or knowledge of the plaintiff. In the complaint filed by the plaintiff in this action against appellant and other defendants it was alleged that the defendants without authority, permission

or consent of the plaintiff placed upon said real property large quantities of macadam, crushed rock, gravel and other similar materials amounting to approximately 31,000 cubic feet thereof; that prior to said acts of said defendants said land was composed of fertile soil well suited to farming purposes, but that by the placing of said materials thereon by said defendants the value of the land for farming purposes had been completely destroyed, to plaintiff's damage in the sum of $1710. The answer of defendant George H. Oswald denied that the defendant placed or caused to be placed upon said real property any quantity whatsoever of macadam, crushed rock, gravel and other similar materials; denied that prior to the alleged acts of defendant said land was composed of fertile soil of good quality; denied that since the placing of said materials upon said real property by defendant the value of the property for farming purposes has been completely destroyed; denied that its value for any other purposes has been greatly impaired, "and alleges that if any soil or other materials whatsoever were placed upon said described property that it increased the value of said described real property". As to the other defendants the action was dismissed.

At the beginning of the trial and in accordance with stipulations the parties, together with their counsel and the court, inspected the plaintiff's land and caused a number of holes to be dug on the property to a depth of about eighteen inches. Thereafter the trial proceeded and at its conclusion the court made findings wherein, among other things, it was determined that the defendant did not place or cause to be placed upon said real property any quantity whatsoever "of macadam and/or crushed rock and/or gravel and/or other similar materials; that plaintiff's land has not been depreciated for farming purposes; that the value of said land has not been greatly impaired and/or reduced", and finds that the value of said real property has been increased.

The evidence leaves no doubt that defendant, without knowledge or consent of the plaintiff, entered upon plaintiff's land and placed thereon a large quantity of material. He thereby was a trespasser upon the land. The only questions of fact relate to the quality and description of the material, and amount, if any, of the resulting damage.

There was evidence sufficient to justify the court in finding that the materials deposited did not include macadam, crushed rock, or oil, and that the value of the land was not diminished by the deposit on the land of the earth and soil (probably not less than one thousand cubic yards), placed thereon by appellant.

Appellant contends, however, that the measure of damages in such a case as this is to be determined by the cost of removing the obnoxious materials and restoring the property to its original condition. The evidence of the cost of removal of the materials, according to the varying opinions of the witnesses, varied from $1 to 50 cents per cubic yard. The court in its decision ignored this evidence.

In *Coats* v. *Atchison etc. Ry. Co.*, 1 Cal. App. 441 [82 Pac. 640], it was noted that the general rule applying to nuisances and other injuries to land is defined in terms of the Civil Code, as follows: "Every person who suffers detriment from the unlawful act or omission of another, may recover from the person in fault a compensation therefor in money which is called damages." (Civ. Code, sec. 3281.) This compensation, except where otherwise expressly provided by the code is "the amount which will compensate for all the detriment proximately caused thereby, . . .". (Civ. Code, sec. 3333.) Following its reference to these provisions of the Civil Code the court said that this may be in some cases the deterioration in the market value of the property as, e. g., where the nuisance is a continuing one and cannot be abated; but that it is not always that this measure of damages is admissible. Ordinarily, said the court, he is entitled to recover "only an amount sufficient to compensate him for his actual detriment; and this he is always entitled to recover".

In the case at bar the evidence shows, without conflict, that the materials deposited by defendant on plaintiff's land can be removed, at a cost less than the value of the land. To hold that appellant is without remedy merely because the value of the land has not been diminished, would be to decide that by the wrongful act of another, an owner of land may be compelled to accept a change in the physical condition of his property, or else perform the work of restoration at his own expense. This would be a denial of the principle that there is no wrong without

a remedy. The reasonable cost of restoration may be recovered, without regard to the fact that the plaintiff has not yet removed said materials from his land. The cost, as determined by the court, will be, in effect, the amount of diminution in value of the land, resulting from the wrong committed by defendant.

The judgment is reversed. The cause is remanded to the superior court, with instructions to find, from the evidence, the amount of earth and other materials deposited on said land by the defendant; also to make additional findings (from the evidence now in the record, together with such additional evidence as shall be received), establishing the amount of damage resulting from the reasonable cost of removing the materials placed on the land by defendant, and enter judgment in favor of plaintiff for the amount of damages thus determined.

Houser, J., and York, J., concurred.