# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
April 9, 2003 Session

## JACK T. JONES, ET AL. v. MELVIN JOHNSON

**Appeal from the Circuit Court for Davidson County**
**No. 01C-3101     Carol Soloman, Judge**

---

### No. M2002-01286-COA-R3-CV - Filed June 4, 2003

---

This suit arose from the deliberate destruction of a walnut tree on the plaintiffs' property. The trial court awarded the plaintiffs $5,500 in damages. The defendant argues on appeal that the court used the wrong measure to calculate damages, and that the judgment should not have exceeded $1,000. We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which PATRICIA J. COTTRELL, J. and RUSS HELDMAN, SP. J., joined.

J. Todd Faulkner, Nashville, Tennessee, for the appellant Melvin Johnson.

Jeanan Mills Stuart, Nashville, Tennessee, for the appellees, Jack T. Jones and Joann Jones.

### OPINION

#### I. UNDISPUTED FACTS

The facts of this case are meager, but undisputed. A mature black walnut tree was growing in the backyard of Jack and JoAnne Jones, near the property line of their next door neighbor, Melvin Johnson. One day, Mr. Johnson trespassed onto the property of his neighbors, and made several deep cuts with a chainsaw to the trunk of the walnut tree, effectively killing it. Mr. and Ms. Jones paid $1,000 to have the dead tree cut down, and its stump removed.

On September 28, 2001, the Joneses filed a Complaint for compensatory damages in the Davidson County General Sessions Court. After a hearing, the court awarded them $3,700, basing the award upon the damage to the tree, the cost of removal and replacement, and court costs. Mr. Johnson appealed to the Circuit Court.

The Circuit Court hearing was conducted on May 2, 2002. David L. Bates, owner of Bates Nursery & Garden Center testified at trial as an expert witness. He testified that a black walnut tree of the size which was cut down would cost about $4,500 to replace. On May 9, the trial court filed an order granting the plaintiffs a judgment of $5,500 against Mr. Johnson. This appeal followed.

## II. THE MEASURE OF DAMAGES

Melvin Johnson has raised only one issue on appeal. He contends that it was error to grant the plaintiffs any damages beyond the $1,000 cost of removing the tree, because they did not submit proof of the value of their land before and after their tree was destroyed.

The appellant relies upon the case of *Cathcart v. Malone,* 229 S.W.2d 157 (Tenn. Ct. App. 1950) to support his position. In that case, the defendant landowner "willfully and maliciously" cut two shade trees whose trunks intersected the boundary line between his property and the plaintiff's. The court found the defendant liable for damages in trespass, and stated the measure of damages for such an action to be "the difference in the market value of the realty immediately before and immediately after the destruction of the tree."

Although this may be the most commonly applied measure of damages in such cases, our courts have also drawn a distinction between temporary injury to land, which may be corrected by the expenditure of money and labor, and permanent damage, which may not be reasonably so corrected. In the case of temporary injury, the proper measure is generally held to be either the cost of restoration or the reduction in market value, whichever is less. *Doss v. Billington,* 39 S.W. 717 (Tenn. 1897). *See also Killian v. Campbell,* 760 S.W.2d 218 (Tenn. Ct. App. 1988); *Redbud Cooperative Corp. v. Clayton,* 700 S.W.2d 551 (Tenn. Ct. App. 1985).

Appellant argues that since the appellees did not present any proof as to the value of their land, there is no way to determine whether the cost of restoration would be greater or less than its reduction in market value. He agrees that he is liable for the $1,000 cost of removing the dead tree, but claims that the absence of proof on the value of the land requires the dismissal or reversal of any other claims for damages.

Appellees contend that they would be insufficiently compensated for the loss of their tree if they were only to recover the cost they incurred to remove it. They point out that the damage inflicted by Mr. Johnson was intentional, and that Mr. Bates' expert testimony as to the cost of replacing the tree was unrefuted. They further maintain that once competent evidence of their damages has been entered into the record, the burden shifts to the defendant to introduce any evidence that would support a lesser award.

## III. THE BURDEN OF PROOF

We have not found any Tennessee cases that directly address the allocation of the burden of proof when the plaintiff has introduced proof of only one of the two alternative measures of

damages for injury to real property. When we turn to Am. Jur. 2d, we discover that other jurisdictions have had to deal with this question and with others closely related to it in ways that are helpful to our analysis. *See* 22 Am. Jur. 2d *Damages* § 402 (1998).

In New York State, for example, it appears to be the rule that the plaintiff is only obligated to establish the amount of damages by using one measure, and that once he has done so, it is the defendant's obligation to prove that a lesser amount than that claimed by the plaintiff would be sufficient compensation for the loss. *Jenkins v. Etlinger*, 432 N.E.2d 589 (N.Y. 1982). We are reluctant to adopt the same rule in all our cases, for the plaintiff is often in a far better position to establish the value of his land than is the defendant, and it may sometimes lead to injustice to automatically excuse him from doing so. On the other hand, we would not want to say that if the plaintiff does not prove both measures of damages then he is not eligible to receive either, for this could also lead to an unjust result.

We note that when the injury is intentionally inflicted, courts are sometimes allowed to measure the damages by the costs of restoration alone, even when these costs have been proven to exceed the decrease in market value. *Dandoy v. Oswald Bros. Paving Co.*, 298 P. 1030 (Cal. App. 2d Dist. 1931). This is especially so when the plaintiff intends to remain on the property, since in such cases its restoration would be of more immediate benefit than some theoretical price that could be obtained upon a future sale. *Samson Const. Co. v. Brusowankin*, 147 A.2d 430 (Md. 1958); *Moulton v. Groveton Papers Co.*, 323 A.2d 906 (N.H. 1974).

All the above cases rest on their individual facts, and thus each of them is cited in many subsequent cases which set out distinctions to justify a different result. The unifying principle appears to be the goal of making the injured party whole for the losses inflicted on him by the defendant's actions. If the appellees in the present case received some benefit from the presence of a large living tree in their yard, then reimbursement of the costs of removing a dead tree would clearly not make them whole.

The record does not contain a transcript of the evidence, so we have no way of knowing the value the appellees placed upon the living tree.[1] We know that the shade provided by such a tree, the beauty of its foliage, its value as a habitat for squirrels and birds can make it a highly prized feature in any yard. We also know that the leaves and the hard fruits dropped by a walnut tree can create the need for a lot of unwelcome raking and gathering. Perhaps this is the reason for appellant's unwise decision to destroy his neighbors' tree. We can only speculate.

In any case, we have dealt with the question of law raised by the appellant by determining that a plaintiff is not obligated in every case to prove two alternative measures of damages in order to establish a basis for recovery. Thus, we can only reverse the trial court's $4,500 award if we find

---

[1] We note that in *Cole v. Clifton*, 833 S.W.2d 75 (Tenn. Ct. App. 1992), the plaintiffs did not receive any damage award for the negligent destruction of trees and shrubs on their property because they failed to prove that they were affected in any way by the loss of vegetation.

that the evidence preponderates against it.  *See* Rule 13(d), Tenn. R. Civ. P.  Given the state of the record, and the unrefuted evidence that replacement of the walnut tree would cost $4,500, we do not see how we could make such a finding.  We therefore affirm the trial court.

## IV.

The order of the trial court is affirmed.  Remand this cause to the Circuit Court of Davidson County for further proceedings consistent with this opinion.  Tax the costs on appeal to the appellant, Melvin Johnson.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.