[Civ. No. 4059. Second Appellate District, Division Two.—August 1, 1923.]

LEON A. ATWOOD, Respondent, v. SOUTHERN CALI-FORNIA ICE COMPANY (a Corporation), Appellant.

[1] CONVERSION—RIGHTFUL POSSESSION OF GOODS—DEMAND AND RE-FUSAL NECESSARY.—A demand by plaintiff before suit and a re-fusal by defendant are necessary to the maintenance of an action for conversion, where the goods came into defendant's possession not tortiously but with plaintiff's consent.

[2] ID.—ACTION FOR DAMAGES—ALLEGED CONVERSION OF APPLES BY STORAGE COMPANY—DEMAND—FINDING—EVIDENCE.—In an action against a storage company for damages for conversion of apples, the plaintiff's testimony that upon several occasions he made de-mands of defendant and that the latter's local superintendent always replied that his company did not have the apples, claiming that rats had eaten them, was alone sufficient to justify the find-ing that a proper demand was made before the commencement of the action.

[3] ID.—FORMALITY IN MAKING DEMAND.—In an action for conver-sion, no particular formality in making the demand is required.

[4] ID.—DEMAND—VARIANCE.—In such an action, there was not neces-sarily a material variance merely because it was not shown that

1. Demand as necessary to support action for conversion where per-sonalty is in possession of defendant as bailee, note, **Ann. Cas.** 1913A, 1105.

plaintiff made his oral demands on the precise date laid in the complaint.

[5] ID.—PRIMA FACIE CASE—WHAT CONSTITUTES—EXPLANATION OF LOSS—NEGLIGENCE—BURDEN OF PROOF.—When a plaintiff who has stored his goods with a warehouseman makes proof of a demand and refusal, a *prima facie* case of conversion is made out, and upon such proof alone the burden is cast upon the warehouseman to account for the property; otherwise he will be deemed to have converted it to his own use. But if it appear that the property, when demanded, has been destroyed, as, for example, where it is shown that it has been consumed by rats or by fire, then the burden of proof will be on the bailor to show that the loss of the property was the result of negligence on the part of the warehouseman.

[6] ID.—FAILURE OF DEFENDANT TO ACCOUNT FOR LOSS—DEMAND FOR POSSESSION—ABSENCE OF COMPLIANCE—PRIMA FACIE CASE.—In an action for damages for conversion of a quantity of apples contained in boxes which were stored with the defendant, where the circumstances refuted defendant's only theory of their loss, which was that they had been eaten by rats, the plaintiff's demand of possession of the apples and defendant's failure to comply therewith made out a *prima facie* case of conversion.

APPEAL from a judgment of the Superior Court of San Bernardino County and from an order denying a new trial. Rex B. Goodcell, Judge. Judgment affirmed; appeal from order denying new trial dismissed.

The facts are stated in the opinion of the court.

Sidney J. Parsons for Appellant.

McNabb & Hodge for Respondent.

FINLAYSON, P. J.—This is an action of trover to recover damages for the conversion of certain boxes of apples which plaintiff had delivered to defendant, a warehouseman, for storage in the latter's warehouse at San Bernardino. Judgment passed for plaintiff. Defendant appeals from the judgment and from the order denying his motion for a new trial—a nonappealable order.

The complaint alleges that plaintiff is the owner of the boxes of apples and entitled to their possession; that he demanded possession thereof from defendant but that the latter failed and refused to deliver the same, and that defendant

unlawfully converted the property to its own use. These allegations are denied by the answer. The trial court found plaintiff's averments to be true, save that the number of boxes converted by defendant is not so great as the complaint alleges.

Appellant claims that the evidence is insufficient to justify the finding that plaintiff made demand before suit, and also the finding of conversion by defendant. [1] It must be conceded that a demand by plaintiff before suit and a refusal by defendant were necessary to the maintenance of this action for conversion, for the apples came into defendant's possession not tortiously but with plaintiff's consent.

There is evidence in the record showing the following facts: The boxes of apples in question were delivered by plaintiff to defendant for storage some time in October of 1919. Defendant stored the apples in lots, each lot bearing an appropriate number. One of these lots was designated lot No. 392 and another lot No. 433. On March 16, 1920, defendant prepared and plaintiff signed a receipt which recited that on that day plaintiff received from defendant 864 boxes of apples from lot 392 and 134 boxes from lot 433. It is these apples which plaintiff claims were converted by defendant to its own use. The receipt contains this phrase: "Lots Nos. 392 & 433 out." Plaintiff testified that though he signed this receipt he never received these boxes of apples or any part thereof—that they were only "supposedly drawn out," and that at the time when the receipt was given he gave to defendant's local superintendent an order to ship the apples to a firm at Long Beach, but that they never were received by the Long Beach firm. He further testified that he made demands on defendant for the apples upon several occasions but that defendant's local superintendent always told him that his company did not have them—that they had been eaten by rats. As we read the record, these demands were made orally. The complaint alleges a particular date upon which demand was made, viz., September 24, 1920. On that day plaintiff mailed to the Los Angeles Ice & Cold Storage Company, at Los Angeles, a letter in which he set forth the amount of his damages and demanded payment thereof. The manager of the addressee was also the manager of the defendant corporation; but the corporation to which plaintiff addressed his letter, the Los Angeles Ice &

Cold Storage Company, had nothing whatever to do with the storage of these apples, nor did the letter contain a demand for the apples. At the trial defendant's local superintendent testified that the apples had been eaten by rats.

The evidence was sufficient to support the finding that plaintiff made demand for his property before commencing suit. True, the letter of September 24, 1920, addressed to the Los Angeles Ice & Cold Storage Company, was not a demand on defendant, and were there no other evidence of a demand we would be compelled to uphold appellant's contention that the finding of a demand before suit is not sustained by the evidence. [2] But respondent's testimony that upon several occasions he made demands of defendant and that the latter's local superintendent always replied that his company did not have the apples, claiming that rats had eaten them, was alone sufficient to justify the finding that a proper demand was made before the commencement of the action. [3] No particular formality in making the demand is required. (26 R. C. L., p. 1126.) [4] There was not necessarily a material variance merely because it was not shown that plaintiff made his oral demands on the precise date laid in the complaint. (*Bancroft Co.* v. *Haslett*, 106 Cal. 151 [39 Pac. 602].)

The evidence is sufficient to justify the finding of conversion. [5] When a plaintiff who has stored his goods with a warehouseman makes proof of a demand and refusal, a *prima facie* case of conversion is made out. Upon such proof alone the burden is cast upon the warehouseman to account for the property; otherwise he will be deemed to have converted it to his own use. But if it appear that the property, when demanded, has been destroyed, as, for example, where it is shown that it has been consumed by rats or by fire, then the burden of proof will be on the bailor to show that the loss of the property was the result of negligence on the part of the warehouseman. (*Wilson* v. *Southern Pac. R. R. Co.*, 62 Cal. 164, 172.) There was no proof that defendant was negligent in its care of the apples; and if the evidence had shown without substantial contradiction that plaintiff's property had been consumed by rats, as claimed by appellant's superintendent, a reversal would be necessary. But though the superintendent testified that rats had eaten the apples, there were circumstances to refute any

such theory of loss. Besides the 998 boxes of apples in question there were several thousand of boxes of apples on storage with defendant. Not only were the contents of respondent's 998 boxes not delivered to him on demand, but, according to appellant's theory of the facts, the wooden boxes themselves were missing. It is a fair inference that not even a ravenous rodent would gnaw to the point of extinction even so toothsome a dainty as hard, dry boxwood when the cravings of hunger could be sated from the abundance of luscious, succulent apples on store in the warehouse. Rats might destroy boxes, but it is hardly conceivable that they would entirely consume them—nails and all.

[6] Since no theory other than the untenable one that rats had eaten them was advanced by appellant to account for its inability to redeliver to respondent his boxes of apples, it must be held that the latter's demand of possession and appellant's failure to comply therewith made out a *prima facie* case of conversion.

The appeal from the order denying a new trial is dismissed and the judgment is affirmed.

Works, J., and Craig, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 27, 1923.