[Civ. No. 789. Fourth Appellate District.—April 13, 1933.]

J. C. VAGIM, Respondent, v. HASLETT WAREHOUSE COMPANY (a Corporation), Appellant.

198

Williamson & Wallace and Bradley & Bradley for Appellant.

Iener W. Nielsen for Respondent.

CAMPBELL, J., *pro tem.*—This is an action in trover to recover damages for the conversion of certain prunes which plaintiff had delivered to defendant's warehouseman for storage in the latter's storehouse in Visalia, California. The case was tried before a jury and judgment was returned in favor of plaintiff. Defendant appeals.

The complaint alleges that plaintiff is the owner of certain prunes and entitled to their possession; that he demanded possession thereof from defendant but that the defendant refused and failed to deliver the prunes, and that the defendant unlawfully converted such personal property

to its own use. By its answer appellant denies the respondent's title to the prunes, or any right of possession.

Appellant claims: (1) That it did not permit or commit any act or omission constituting an act of unlawful or tortious dominion over the property claimed by respondent; (2) that the relationship of bailor and bailee did not exist between appellant and respondent; and (3) that appellant's agent had no authority to receive the prunes.

1. The testimony of R. W. Pool, the agent in charge of appellant's warehouse, disposes of most of these contentions. His testimony shows the following facts: That he was employed as a bonded agent of appellant in charge of the warehouse; that he weighed respondent's prunes and put them in bins in the warehouse. Respondent came to the warehouse and he was shown what were purported to be his prunes. Pool had exclusive charge of the warehouse. Certain of respondent's prunes were placed in two bins. Some time previous to June 9, 1931, "stack cards" were placed against these prunes, showing same as belonging to others than respondent. These "stack cards" were placed on said prunes by the auditor of appellant. Subsequently these prunes were shipped from the warehouse by appellant. Mr. Pool, as agent of appellant, kept a record of all prunes coming in and going out of the warehouse, on a daily sheet, which records were made under instructions given by appellant. He forwarded these reports to appellant the latter part of the season. They contained the amount of prunes received every day, the amount put under bond, the ones under warehouse receipts, those which were released each day, and the balance on hand. This record showed the amount of prunes respondent had on hand at the warehouse. These prunes had been delivered by one M. M. Grant for the account of respondent. Appellant had possession of the prunes and Mr. Pool saw Mr. Simas, the auditor of appellant, put tags on some of them which had been referred to as belonging to respondent, and did not inform appellant that they were the prunes of respondent. Mr. Pool kept the records for appellant. These records contained the amount of prunes delivered to appellant by respondent.

There is little conflict in the testimony, and taken in its entirety may be summed up as follows: Appellant conducted

a warehouse in Visalia known as warehouse No. 93. It held itself out to the public as a warehouseman. Mr. Pool was its agent in charge. It received the prunes of respondent for storage purposes. Its agent kept a record of the amount of prunes delivered by respondent to appellant's warehouse and these prunes were subsequently converted by appellant to its own use and benefit.

Appellant argues at length that it made no unequivocal denial of respondent's demand for the possession of the prunes which he had delivered to the warehouse. Appellant concedes that prior to the bringing of this action respondent had demanded of the secretary of appellant the prunes which he had delivered to the warehouse, and appellant's secretary acknowledged the same in writing, in the form of a receipt. Appellant also concedes that respondent never received his prunes. By appellant's answer demand was not necessary (*Waterhouse-Wilcox Co.* v. *Betz & Mabrey,* 73 Cal. App. 236, 240 [238 Pac. 763]).

Appellant contends that this written receipt did not contain a refusal, qualified or otherwise, and claims the protection of section 18 of the Act of March 19, 1909, relative to warehousemen. This section, however, cannot apply to the instant case, for it provides that "if someone other than the depositor or person claiming under him has a claim to the title or possession of the goods . . . " There is no evidence in this case that any person other than respondent claimed these prunes. Appellant's auditor placed "stack cards" against the prunes, which appellant or its agent in charge knew belonged to respondent.

2. The testimony of Mr. Pool disposes of appellant's contention that the relationship of bailor and bailee did not exist between appellant and respondent.

3. Appellant contends that its agent had no authority to receive these prunes and to substantiate this contention sets forth in its brief a portion of the instruction which it contends its bonded agent should follow. Appellant admits, however, that it received the prunes which were stored in its warehouse by respondent and that they were subsequently shipped out by appellant to itself and other persons or corporations.

In the case of *Poggi* v. *Scott,* 167 Cal. 372, at 375 [139 Pac. 815, 816, 51 L. R. A. (N. S.) 925], the court said:

"The foundation for the action of conversion rests neither in the knowledge nor the intent of the defendant. It rests upon the unwarranted interference by defendant with the dominion over the property of the plaintiff from which injury to the latter results. Therefore neither good nor bad faith, neither care nor negligence, neither knowledge nor ignorance, are of the gist of the action. 'The plaintiff's right of redress no longer depends upon his showing, in any way that the defendant did the act in question from wrongful motives, or generally speaking, even intentionally; and hence the want of such motives, or of intention, is no defense. Nor, indeed, is negligence any necessary part of the case. Here, then, is a class of cases in which the tort consists in the breach of what may be called an absolute duty; the act itself . . . is unlawful and redressible as a tort. . . . Absence of bad faith can never excuse a trespass, though the existence of bad faith may sometimes aggravate it. Everyone must be sure of his legal right when he invades the possession of another.' "

In the final analysis we may sum this case up by saying that when a plaintiff who has stored his goods with a warehouseman makes proof of demand and refusal, a *prima facie* case of conversion is made out. Upon such proof alone the burden is upon the warehouseman to account for the property. Otherwise he will be deemed to have converted it to his own use. (*Atwood* v. *Southern California Ice Co.*, 63 Cal. App. 343 [218 Pac. 283].) The trial court fairly and fully instructed the jury on all questions of law arising in this case and the verdict of the jury is fully sustained by the evidence.

The judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 11, 1933, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 12, 1933.