[Civ. No. 7362.   Third Dist.   Oct. 20, 1947.]

AMY CHATTERTON, Respondent, v. ARTHUR G. BOONE
et al., Appellants.

Bradford, Cross, Prior & Sheehy and Gerald M. Desmond for Appellants.

Joseph W. Mento, Henry & Bedeau for Respondent.

THOMPSON, J.—Boone's Transfer and Storage Company and Arthur G. Boone have appealed from a judgment of $2,038.75 and costs, which was rendered against them in a suit for conversion of household goods which were stored by plaintiff in appellants' warehouse in Sacramento. The goods were partially damaged as the result of a fire which occurred in the warehouse on February 19, 1945. The fire was supposed to have been extinguished by the Sacramento Fire Department, but, within 24 hours thereafter it again broke out and further damage resulted, chiefly from the use of a large quantity of water. Within 30 days thereafter the plaintiff demanded delivery of the property, which was repeatedly refused. The goods were saturated with water and remained in

that condition for several months, resulting in complete loss. Defendants' attorney conceded that defendants had not delivered any of the property and acknowledged that it was so damaged that it was "an impossibility . . . to deliver it." Respondent admits that "the fires were not caused by any negligent act on the part of appellant."

The cause was tried by the court sitting without a jury. The judge viewed the premises at the request of both parties. Findings were adopted favorable to the plaintiff in every essential respect. Judgment was rendered for plaintiff for a sum equal to less than one-half of the original value of the property. A nonsuit was granted as to the defendants, Atkinson and Orr, who were sued as owners of the warehouse building which was rented by the storage company. Judgment for conversion was rendered under section 3336 of the Civil Code, on the theory that appellants failed to exercise reasonable care and diligence for the protection and preservation of the goods after the fire, as required by section 1858e of that code.

The court found that on February 20, 1945, the appellants were in possession of plaintiff's said goods. That was immediately after the second fire. The court further found that plaintiff was then the owner and entitled to the immediate possession of the goods, and that, after demand by plaintiff for possession, which was refused, the appellants unlawfully retained possession and "thereby unlawfully converted the same . . ." to plaintiff's damage in the sum of $2,038.75. Judgment was rendered accordingly.

The appellants contend that the findings and judgment are not supported by the evidence, that they did not convert the property to their own use, and that the court erred in receiving evidence of its value prior to the time of the fires.

We are of the opinion the evidence in this case amply supports the findings and judgment. ■ An action for conversion of personal property lies against a bailee for hire, who, upon demand, wrongfully refuses to deliver possession thereof to the owner and exercises dominion over the property to the owner's detriment. The form of such an action is that of trover. (4 Cal.Jur. 34, § 20.) ■ Proof by plaintiff of ownership of the property, the right of possession and a demand therefor establish a prima facie case of conversion against the bailee, who then has the burden of proving his affirmative defense that it is impossible to return the property because it is lost or destroyed by fire. (*Wilson* v. *Crown*

*Transfer & Storage Co.,* 201 Cal. 701, 706 [258 P. 596]; *Vagim* v. *Haslett Warehouse Co.,* 131 Cal.App. 197, 201 [20 P.2d 992]; *Atwood* v. *Southern California Ice Co.,* 63 Cal. App. 343 [218 P. 283]; note, 71 A.L.R. 768.) ▮ In the present cause the complaint merely alleged a simple case of trover. The appellants affirmatively alleged in their answer their inability to ''salvage the goods stored,'' and the damage caused by the fire. The burden was on them to establish that defense. There was a conflict of evidence regarding the ability to remove the property from the warehouse after the fires. ▮ After the fires it became the duty of the bailee for hire to use ordinary care ''for its preservation in safety and in good condition,'' to prevent further loss and deterioration on account of its water-soaked condition. (Civ. Code, §§ 1928, 1852.) This they failed to do.

▮ The gist of the action for conversion or trover is the wrongful interference with the owner's right of dominion and possession of his property. The motive with which the bailee exercises dominion or refuses the owner possession of property to which he is entitled is immaterial. ▮ The mere good faith of the bailee in refusing to deliver the goods to the owner, upon demand, is no defense to the action of trover. (*Poggi* v. *Scott,* 167 Cal. 372, 375 [139 P. 815, 51 L.R.A. N.S. 925]; *Staley* v. *McClurken,* 35 Cal.App.2d 622, 628 [96 P.2d 805]; *Vagim* v. *Haslett Warehouse Co., supra.*) The only reasons assigned by appellants for refusal to deliver the goods to plaintiff on her demand were that the owners of the building had not yet adjusted their claim against the insurance company for damages to their building by the fires, and that it was dangerous to enter the building. There is a conflict of evidence in that regard. But there is evidence that the goods, which were located in a stall near the entrance, could be safely removed, and that plaintiff offered to hire a truck and remove them herself, which appellants refused to permit her to do. By stipulation of the respective parties, the trial judge, Peter J. Shields, visited the premises and inspected the building and damaged goods. He held that the property could and should have been delivered to plaintiff upon demand, and that appellants were not warranted in withholding it for a period of several months during which the goods were further damaged or destroyed by leaving them stored in their water-soaked condition. The goods included upholstered furniture, mattresses, bedding and other property, which rotted, deteriorated and lost their value.

■ When, by stipulation of respective parties, the trial judge views the premises and the condition of the property, his observations become competent evidence in support of the findings and judgment, to be weighed with other evidence upon those issues adduced at the trial. (*Noble* v. *Kertz & Sons Feed & Fuel Co.*, 72 Cal.App.2d 153, 159 [164 P.2d 257]; *Gates* v. *McKinnon*, 18 Cal.2d 179, 183 [114 P.2d 576].)

■ The measure of damages sustained, in a suit for unlawful conversion of personal property, is the value of the property at the time of conversion, with interest from that time, *or an amount sufficient to indemnify the party injured for the loss which is the natural, reasonable and proximate result of the wrongful act complained of* and which a proper degree of prudence on his part would not have averted, together with fair compensation for the time and money expended in pursuit of the property. (Civ. Code, § 3336; *Betzer* v. *Olney*, 14 Cal.App.2d 53, 61 [57 P.2d 1376]; *Edwards* v. *Jenkins*, 214 Cal. 713, 721 [7 P.2d 702].) In this case the court properly allowed damages in the sum of $2,038.75 as the value of the property at the time it was wrongfully converted on February 20, 1945, which was after the fires occurred. No damages were allowed as the immediate result of the fires. The plaintiff conceded that she was not entitled to damages resulting from the fires. She claimed and the court allowed her only a sum "sufficient to indemnify the party injured for the loss which is the natural, reasonable and proximate result of the wrongful act" of refusing to deliver the goods upon demand. The proximate result of the refusal to deliver the goods after the fires, and of keeping them in storage to rot and deteriorate from their water-soaked condition, was the total loss of the goods, which damage the court determined amounted to the sum of $2,038.75. There is ample evidence to support that award of damages. Sigfried Larson, an expert witness, who had had 40 years of experience as a salesman of furniture and household goods for John Breuner Company in Sacramento, and in his own business, and who had inspected the property 10 days after the fires occurred, testified as to the value of the property at that time. The court saw the condition of the goods at the time of the trial which was 11 months after the conversion. We conclude that the measure of damages allowed was proper, and that the sum allowed is adequately supported by the record.

■ The appellants contend that the court erred in receiving evidence of the original cost of the goods and their value

before the fires occurred. We think not. There was ample evidence of their value just after the fires occurred. The owner of property is entitled to testify to their cost and value. Evidence of the cost and value of the goods before the fires may be considered in connection with the subsequent values in determining the loss sustained as a result of the unlawful conversion. (*Kirstein* v. *Bekins Van & Storage Co.,* 27 Cal. App. 586 [150 P. 999].) In the case last cited it is said at page 589:

" 'The owner of an article whether he is generally familiar with such values or not, ought certainly to be allowed to estimate its worth. The weight of testimony (which often would be trifling) may be left to the jury.' The testimony as to the cost of the goods was a circumstance tending to show value and was properly admitted. (*Levy* v. *Scott,* 115 Cal. 39, [46 P. 892]; *Angell* v. *Hopkins,* 79 Cal. 181, [21 P. 729].)"

That was a suit for damages for loss of stored household goods sustained on account of fire. The jury was instructed that, "In arriving at the reasonable market value of property, you may take into consideration the original cost of the property, its usage and condition." The judgment for damages was affirmed.

In 24 California Jurisprudence, at page 1060, section 34, the text, which is supported by several California authorities, reads in that regard:

"As tending to prove the value at the time and place of conversion, evidence of the cost of the property is admissible,— not as showing the value conclusively, but *as a circumstance to be considered with other circumstances such as the extent of the use of the property and its condition and depreciation.*" (Italics added.)

The challenged evidence in this case was admitted for the very purpose indicated by the foregoing italicised language in the text last quoted. It was therefore competent.

The judgment is affirmed.

Peek, J., and Adams, P. J., concurred.