[No. 2873.]

# DEVEREUX HOPKINS *v.* THE WESTERN PACIFIC RAILROAD COMPANY.

EVIDENCE IN ACTION FOR CREATING NUISANCE. — In an action to recover special damages caused by placing an obstruction in the nature of a nuisance in the street opposite the residence of the plaintiff, evidence to show that the land would sell for less on account of the nuisance, is not admissible.

IDEM.—If the decreased value of the premises could be considered in such

case, it would be their decreased market value, and not their decreased value as a family residence, so that evidence of the latter fact is not admissible.

DAMAGES IN ACTION FOR NUISANCE.—In an action to recover special damages caused by placing an obstruction in the nature of a nuisance in the street opposite the residence of the plaintiff, the defendant is liable only for the damages actually sustained prior to the commencement of the action.

RESPONSIBILITY OF RAILROAD COMPANY FOR NUISANCE.—A railroad company is not responsible for the acts of its employees in creating a nuisance by using a culvert under its railroad near the residence of the plaintiff, for the purposes of a privy.

APPEAL from the District Court of the Fifth Judicial District, San Joaquin County.

Action for damages alleged to have been caused by the construction of a railroad. The plaintiff was the owner of the west half of a block of land in the environs, or a little outside of the corporate limits of the city of Stockton, bounded north by Lafayette street, west by Sacramento street, and south by Sonora street. On the premises was a two-story brick house, fronting on Sacramento street, which he occupied as a family residence. The defendant constructed a railroad along Sacramento street, in front of the plaintiff's premises, confining its occupation and work to the street, and seeking to condemn no part of the plaintiff's property. In the construction of the road an embankment was built along the street, which was several feet above the previous level of the street; and about seventy-five feet in front of the plaintiff's premises a culvert was built under the road. The plaintiff brought this action, alleging that he was the owner of the fee of the land to the centre of the street; that the culvert had been permitted to be used by the defendant as a privy, and that it was so situated, by reason of the prevailing wind, as to be very offensive to the inmates of the plaintiff's house; that the construction and operation of the railroad was a damage to his property; that the frequent passing of engines and trains of cars, the noise caused thereby, and the danger of setting fire to his house by sparks from the engine, constituted a nuisance injurious to health, obstructing the use of the street, and interfering

with the comfortable enjoyment of the premises as a family residence. The complaint did not ask for an abatement of the nuisance. The defendant answered, denying the allegations of the complaint specifically, and averring that the market value of the plaintiff's property had been enhanced by the building of the railroad. At the trial, which was before the court with a jury, the plaintiff was allowed to introduce evidence as indicated in the opinion, the defendant excepting thereto. The plaintiff recovered a verdict for the sum of $3000. A judgment for that sum was entered without a decree abating the nuisance. The defendant moved for a new trial, which was denied, and he appealed from the judgment and from the order denying the new trial.

*S. W. Sanderson*, for the Appellant.

The acts complained of are *damnum absque injuriæ*.

The Western Pacific Railroad Company obtained its franchises from the Central Pacific by assignment. (13 U. S. Statutes at Large, 504.)

Prior to this assignment, the Central Pacific had lawful authority to construct a road through Sacramento street by virtue of a special act of the Legislature of this State, to which right, of course, the Western Pacific succeeded. (Statutes of 1863-4, p. 471.)

The defendant was also authorized to occupy the street by the general law in relation to railroad corporations. (Statutes 1861, p. 615, Sec. 17, subd. 5.) Therefore, in constructing its road through Sacramento street, the defendant was in the exercise of a lawful right.

The measure of damages is the difference between the market value of the premises before the construction of the railroad and their market value after its completion, so far as the change, if any, is attributable to the construction of the road. Any difference which is due to a general decline in real estate values, for other reasons or causes, cannot be taken into the account. (*Penn. R. R. Co.* v. *Heister*, 8 Penn. St. 445; *Watson* v. *P. and C. R. Co.*, 37 Id. 469; *Harvey* v. *L. and B. R. Co.*, 47 Id. 428; *Hornstein* v. *A. and G. W. R.*

*R. Co.*, 51 Id. 87; *Matter of Furman Street*, 17 Wend. 650, 670.)

*J. H. Budd*, *B. McKinne and G. T. Martin*, for the Respondent

The appellant had no right, under the statutes of California, to construct and operate its road along the street in front of respondent's residence. The statute of 1861, in relation to railroad corporations using streets and highways, was modified by the statutes of 1862. (Session Laws, page 498, Sec. 3.)

The statutes of the United States, in vol. 13, page 504, refer to and mention privileges and benefits conferred by acts of Congress; no mention is made of a transfer of rights, if any, granted by the State of California.

But there is a condition in the act of 1863-4, page 471, viz.: That the road of the company, constructed along streets or highways, is to be so constructed as not to obstruct the passage of the same. This condition the company did not comply with.

The company did not comply with the conditions of the act of 1861; it did construct its road along said street, in such a manner as unnecessarily impaired its usefulness. A railway company appropriating land in violation of the provisions of the statute to be complied with on their part, their acts are, ordinarily, to be regarded as trespasses. (1 Redfield on Railways, 336, 337, 338, Sec. 81, Div. 2; *Turner* v. *Shef. & Rotherham Railway*, 10 M. & W. 425; *Watkins* v. *Great Northern Railway Company*, 6 Eng. L. and Eq. 179; *Dean* v. *Sullivan Railroad Company*, 2 Foster, 316; *Mayor of Lichfield* v. *Simpson*, 8 Ad. & Ellis, 65.)

The respondent purchased the land and improvements for a certain purpose, viz., for a family residence.

The company had no right to injure or destroy the land and improvements for a family residence, and as a defense claim that its market value might be equally great for some other purpose. (*First Baptist Church in Schenectady* v. *Sch. & Troy R. R. Co.*, 5 Barb. 87, 88; 1 Redf. Railway, 262, Secs. 71-2; *Railway* v. *Gilson*, 8 Watts, 243; *Colum-*

*bus P. & I. Railway* v. *Simpson,* 4 Law Reg. 696; S. C., 5 Ohio St. 251; *Ind. Central Railway* v. *Hunter,* 8 Ind. 74.)

By the Court, McKINSTRY, J.:

We do not decide that the plaintiff is or is not the owner of the fee to the centre of the street in front of his premises. The complaint alleges that he is such owner, and is drawn with a double purpose: to recover damages for the trespass upon that portion of his lot lying within the limits of the street, and, as to the other portion, to recover special damages, caused by an obstruction of the highway. In the last aspect of the case, proof of the fact that the land would sell for less on account of the continuance of the nuisance, was not admissible. Under section 249 of the Practice Act, the nuisance could have been abated by the judgment in this action. If so abated (assuming the rule to be as claimed by respondent), and if the lot had been rendered temporarily valueless by reason of the obstruction, the plaintiff would be restored to the full enjoyment of his property, and be paid for it besides.

Regarding this as an action on the case for special or particular damages, the defendant was liable only for the damages actually sustained prior to the commencement of the suit. Every injury caused by the continuance of such a nuisance, affords a new and distinct cause of action. (*Vedder* v. *Vedder,* 1 Denio, 257; *Delaware and Raritan Canal Company* v. *Wright,* 1 Zabriskie, 469.) If a party, against whom a verdict in an action of this kind was recovered, did not abate the nuisance, increased exemplary damages could be recovered in each succeeding action. (2 Wheaton's Selw., N. P. 1141.) But on the trial of the first action, evidence tendered for the purpose of showing a diminution of the salable value of the premises, was inadmissible. (*Bathishill* v. *Reed,* 37 Eng. L. and E. 317.) Otherwise, a jury would be justified in finding damages equal to all the injury the premises would ever sustain, supposing the nuisance were to continue forever, which would be clearly wrong. (*Thayer* v. *Brooks,* ¥O. R. 489.)

If, in any aspect of the case, the decreased value of the

plaintiff's premises can be considered, it is plain that it is the market value, or the sum for which they can be sold, as compared with their value before the creation of the nuisance, which is to be estimated; not their value for a particular purpose. Yet witnesses were permitted—notwithstanding the objection of the defendant—to testify to the decreased value of the property "as a family residence." This was error. It may be that the proximity of the railroad has rendered the property more valuable, although it has ceased to be desirable as a homestead. Indeed, it affirmatively appears from the transcript, that while witnesses gave opinions that the premises would be worth $10,000 if the embankment, on which the rails of defendant rest, had not been made, the plaintiff himself estimated them to be worth that sum on the day of the trial.

The court below also erred in admitting evidence of the purpose for which the portion of the street beneath the shadow of the defendant's culvert was used. The employees of defendant were not moving within the scope of their employment in the acts complained of, but on their own account; and it does not appear that the additional easement was enjoyed exclusively by the defendant. The doctrine *respondeat superior* does not apply.

Judgment and order denying new trial reversed and cause remanded.