[Civ. No. 10413.   First Appellate District; Division Two.—March 3, 1937.]

UNION OIL COMPANY OF CALIFORNIA (a Corporation) et al., Respondents, v. MUTUAL OIL COMPANY (a Corporation) et al., Appellants.

410

George E. Cryer and R. Alston Jones, *in pro. per.*, and Oliver O. Clark and Victor T. Watkins for Appellants.

Paul M. Gregg, Andrews, Blanche & Kline, Douglass C. Gregg, Mortimer A. Kline and Arthur R. Smiley for Respondents.

SPENCE, J.—Plaintiffs, as owners of a certain lease, which lease conferred upon them as lessees the exclusive right to explore for and remove oil and gas from the premises therein described, brought this action against defendants to enjoin them from removing oil and gas from the strata underlying said premises and particularly from operating a certain well known as Carpenter No. 1 well. Other relief was asked, including an accounting and payment by defendants of the value of all oil and gas produced through said Carpenter No. 1 well. The trial court made its findings of fact and conclusions of law in favor of plaintiffs and judgment was entered thereon granting an injunction against defendants, including defendants Cryer and Jones, and granting to plaintiffs money judgments against defendants in varying amounts. The judgment against defendants Mutual Oil Company,

Bysshe, Barrott and Anderson was in the sum of $102,410.40. The judgment against defendant Cryer was in the sum of $22,110.11. The judgment against defendant Jones was in the sum of $189.57. Other money judgments were granted against other defendants, but it is unnecessary to set them forth as only defendants Cryer and Jones have appealed. They present their appeal solely upon the judgment roll.

While the appeal is taken from the entire judgment, no attack is made upon any portion thereof except the portions granting money judgments against the appealing defendants. The appealing defendants apparently contend that said money judgments were based upon findings entirely outside of the issues and that plaintiffs were not entitled to an accounting and judgment for the value of the oil produced and sold by defendant Mutual Oil Company on behalf of the various defendants. We find no merit in these contentions.

The pleadings and findings are rather voluminous and in our opinion there is much immaterial matter contained therein. The material allegations of the complaint, for the purpose of this discussion, showed that defendants had committed and were continuing to commit a subsurface trespass upon the premises covered by plaintiffs' lease by means of said Carpenter No. 1 well, which was so drilled as to slant into, to be bottomed within and to produce oil and gas from within the limits of said premises; that defendants had removed and were continuing to remove oil and gas from said premises of plaintiffs by means of said well and had converted said oil and gas to the use of defendants. Appropriate allegations were made as the basis for injunctive relief and further allegations were made showing that the amount of oil and gas removed was unknown to plaintiffs and that the records thereof were exclusively in the control of defendants. The trial court found that all the aforesaid material allegations of the complaint were true; "that 2260 feet of the said Carpenter No. 1 Well trespasses upon and lies within the property limits of plaintiffs' property, and said well extends horizontally within the limits of plaintiffs' property more than 1000 feet. That all of the petroleum produced from said Carpenter No. 1 Well (meaning petroleum, gas and other hydrocarbon substances) was produced from, through and by means of the casing perforations mentioned above in this paragraph, and was accomplished by said well inside and

within the property limits of the plaintiffs' property, and in violation of plaintiffs' rights.'' As to the appealing defendants, the trial court found that defendant Mutual Oil Company acted as the agent of each of said defendants in the production and sale of certain quantities of petroleum produced from said Carpenter No. 1 well; that the value of petroleum so produced and sold by said company as agent of defendant Cryer was $22,110.11 and that the value of the petroleum so produced and sold by said company as agent of defendant Jones was $189.57; and that said sums were turned over to the respective defendants or their nominees. On this appeal upon the judgment roll alone, it must be assumed that there was ample evidence to sustain all of said findings.

There were many other findings made by the trial court, but we believe that it sufficiently appears from what has been said that the findings upon the material issues were within the issues made by the pleadings. The complaint alleged a continuing trespass by defendants and a conversion of the oil and gas produced by means of said trespass. The prayer was for equitable relief by way of injunction and also for an accounting and judgment for the value of the oil and gas thus taken. The findings and judgment were responsive to the issues thus made and in our opinion it was unnecessary for plaintiffs to file supplemental pleadings in order to sustain the money judgments which included the value of the oil and gas so taken both before and after the filing of the complaint and up to the time of the entry of judgment. It was the duty of the trial court under the circumstances to adjust the rights of the parties up to the time of the entry of judgment and to leave nothing open to further litigation. (*Anglo California Trust Co.* v. *Oakland Rys.*, 193 Cal. 451 [225 Pac. 452]; *Collins* v. *Sargent,* 89 Cal. App. 107 [264 Pac. 776]; 21 Cor. Jur. 134, sec. 117.)

The position of the appealing defendants seems to be based upon the following facts: The complaint alleged ''that the drilling of said well by said defendants was deliberately and intentionally controlled and managed as to course and direction thereof so that said well crossed within the boundary line'' of plaintiffs' premises. The trial court found these allegations to be true as to defendants Mutual Oil Company and certain other defendants, but as to the appealing defendants and others, the trial court found that they ''did

not participate in the drilling of the Carpenter No. 1 Well upon and into the land of the plaintiffs and that during the time the Carpenter No. 1 Well was being drilled, said defendants had no knowledge whatever that said well had been or was being'' so drilled. ▉ Upon these findings, the appealing defendants claim that they were entitled to judgment in their favor. This position cannot be sustained in the light of the remaining findings. The question of whether the well was intentionally or unintentionally drilled so as to slant into plaintiffs' premises, is immaterial here. In either case a trespass was committed in the drilling of the well and the trial court further found, ''that the maintenance of said Carpenter No. 1 Well and the production of petroleum therefrom constituted a continuing trespass'' upon plaintiffs' premises. It also found that in the production and sale of the petroleum from said well, defendant Mutual Oil Company acted not only on its own behalf but also as the agent of the appealing defendants. Thus the appealing defendants were chargeable with trespass as well as conversion by reason of the acts of their agent, Mutual Oil Company for ''neither good nor bad faith, neither care nor negligence, neither knowledge nor ignorance, are of the gist of the action''. (*Poggi* v. *Scott,* 167 Cal. 372 [139 Pac. 815, 51 L. R. A. (N. S.) 925] ; *Edwards* v. *Jenkins,* 214 Cal. 713 [7 Pac. (2d) 702] ; *Vagim* v. *Haslett Warehouse Co.,* 131 Cal. App. 197 [20 Pac. (2d) 992].)

▉ On their contention that plaintiffs were not entitled to an accounting and judgment for the value of the oil produced and sold by the Mutual Oil Company as the agent of the appealing defendants, numerous authorities are cited on the general proposition that neither the owner of real property nor his lessee has absolute title to ''oil in place''. This may be conceded. (*Callahan* v. *Martin,* 3 Cal. (2d) 110 [43 Pac. (2d) 788, 101 A. L. R. 871] ; *Western Oil etc. Co.* v. *Venago Oil Corp.,* 218 Cal. 733 [24 Pac. (2d) 971, 88 A. L. R. 1271].) The questions here are: (1) Were the lessees under a lease granting to them the exclusive right to explore and remove oil from the premises entitled to recover from a trespasser the value of oil removed by such trespasser from said premises and converted to the trespasser's use during the term of the lease and (2) if such lessees were entitled to recover the value of the oil so removed, was it proper for the

trial court in granting injunctive relief to also grant relief by way of an accounting and a money judgment for the amount found to be due from the trespasser?

Upon the first proposition, we are of the opinion that the lessees were entitled to recover the value of the oil so removed and converted by the trespasser. Our attention has not been called to any decision in this state directly in point and the decisions of the courts of other jurisdictions appear to be in conflict. In *People* v. *Brunwin*, 2 Cal. App. (2d) 287 [37 Pac. (2d) 1072], the court discussed the sufficiency of an indictment charging the trespasser with larceny under somewhat similar circumstances. The complainant there was the lessee holding the exclusive right to remove oil from the premises. Defendants were charged with unlawfully entering upon the premises, converting a certain quantity of oil of the value of $572.28 "into personal property by severing the same from the lands" and taking and carrying away said oil. The indictment was upheld, the court resting its decision in part upon its conclusion found on page 299 that the indictment was "entirely sufficient to charge a larceny of personal property". On page 290 of the opinion, the court said, "Obviously, oil which has been removed from the ground is personal property and the unlawful taking thereof would constitute larceny just as would the unlawful taking of any other form of personalty." On page 299, it was held that the lease placed the lessee "in possession of whatever rights to the oil in place as were held by the owner of the leased premises" and we believe it necessarily follows that upon the removal of oil from the premises by a trespasser during the term of the lease, the title to and the right to possession of the oil so removed became vested in the lessee. Plaintiffs were therefore entitled to recover the value of said oil just as any person having title to and the right to possession of any personal property may recover its value from one unlawfully converting it to his own use. Even if the question were an entirely open one in this state, we would not be inclined to follow the rule adopted in some jurisdictions which denies to the lessee the right to recover the value of the oil taken but confines his recovery to such damage to his leasehold interest as he may be able to prove. Such rule appears to be based upon an unreasonable extension of the doctrine which declares that because of the fugitive nature of oil, neither

the owner nor the lessee has absolute title to "oil in place" and we do not believe such extension to be warranted. It is apparent that the application of such rule would work to the advantage of the trespasser and to the detriment of the lessee because of the practical impossibility of proving damage to the leasehold resulting from the removal of the oil. When oil is removed from the ground by either the lessee or a trespasser, it becomes personal property and, as above indicated, we are of the opinion that title to and the right to possession of the oil so removed becomes vested in the lessee holding the exclusive right to remove such oil from the premises. It may be that in an action brought to recover the value of the oil so removed by an innocent trespasser, such innocent trespasser would be entitled to receive credit for his expenditures made in removing the oil (see discussion and cases cited in Southern California Law Review, volume III, number 2, page 102), but that question is not presented by the appealing defendants here.

█ Having determined that the lessees were entitled to recover the value of the oil so removed and converted, we think there is no doubt that it was proper for the trial court, sitting as a court of equity and granting injunctive relief, to also grant relief by way of an accounting and a money judgment for the amount found to be due. (10 Cal. Jur., pp. 496–500; 1 Cal. Jur., p. 169; *Bettencourt* v. *Bank of Italy etc. Assn.*, 216 Cal. 174 [13 Pac. (2d) 659]; *McCarthy* v. *Gaston Ridge Mill etc. Co.*, 144 Cal. 542 [78 Pac. 7]; *Big Sespe Oil Co.* v. *Cochran*, 276 Fed. 216; *United States* v. *Midway Northern Oil Co.*, 232 Fed. 619; *Midland Oil Co.* v. *Turner*, 179 Fed. 74; *New Domain Oil & Gas Co.* v. *McKinney*, 188 Ky. 183 [221 S. W. 245]; *South Penn Oil Co.* v. *Haught*, 71 W. Va. 720 [78 S. E. 759].)

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 1, 1937.