[No. H011907. Sixth Dist. Oct. 19, 1995.]

ALLAN RENZ et al., Plaintiffs and Appellants, v.
33RD DISTRICT AGRICULTURAL ASSOCIATION, Defendant and
Appellant.

**[Opinion certified for partial publication.‡]**

‡Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts A, B(2), B(3), C and D.

**COUNSEL**

Daniel E. Lungren, Attorney General, Roderick E. Walston, Chief Assistant Attorney General, Charles W. Getz, Acting Assistant Attorney General, and Harold L. Eisenberg, Deputy Attorney General, for Plaintiffs and Appellants.

Fenton & Keller, Jacqueline P. McManus and Larry E. Hayes for Defendant and Appellant.

**OPINION**

MIHARA, J.—Plaintiffs own and reside on real property which lies south of the San Benito County Fairgrounds (hereafter the fairgrounds). Defendant

is the governmental entity which owns and operates the fairgrounds. Defendant began utilizing the fairgrounds for non-fair-time motorcycle races in the mid-1980's. Plaintiffs complained about these races, and they became increasingly annoyed by noise and fumes emanating from the fairgrounds during these non-fair-time motorcycle races. Plaintiffs asked defendant to rectify this problem. Defendant assured plaintiffs that it was working on the problem. Instead, however, defendant changed its noise limit to permit the motorcycle races to produce significantly more noise. Plaintiffs continued to complain about the noise, and defendant continued to indicate that it was working to rectify the problem. After allowing defendant a significant amount of time to resolve the problem without apparent success, plaintiffs filed a claim in 1990 with the State Board of Control and thereafter brought suit against defendant seeking an injunction and damages for nuisance and inverse condemnation. The action was tried to the court, and the court issued a judgment granting a permanent injunction and awarding plaintiffs damages for nuisance. The court denied plaintiffs' motion for their attorney fees pursuant to Code of Civil Procedure section 1021.5. Defendant appeals from the judgment. It claims that there is no "credible evidence" of a continuing nuisance, and the claim filed with the State Board of Control was inadequate under the Tort Claims Act. In addition, it asserts that the damages award was unwarranted or improper. Plaintiffs appeal from the trial court's denial of their motion for their attorney fees.[1] For the reasons expressed below, we modify and affirm the judgment, and we affirm the order denying plaintiffs their attorney fees.

## PROCEDURAL BACKGROUND

In January 1990, plaintiffs filed a claim with the State Board of Control in which they asserted that they were "residents" of "the property located at 9356 Airline Highway" and asserted that they had been damaged during the previous three years by noise, dust and fumes associated with defendant's use of the fairgrounds. This claim made it clear that plaintiffs were continuing to suffer damages as a result of defendant's continuing use of the fairgrounds. In February 1990, plaintiffs brought an action against defendant seeking injunctive relief. In October 1990, plaintiffs filed an amended complaint in which they sought both injunctive relief and damages based on causes of action for nuisance and inverse condemnation.

The action was tried to the court, and, after a lengthy trial, the court indicated that it intended to rule in plaintiffs' favor. Plaintiffs and defendant

---

[1] In their cross-appeal, plaintiffs also ask us to review the propriety of the trial court's denial of their inverse condemnation claim only "[i]n the event that this court chooses to reverse the trial court's issuance of a mandatory injunction in this case." Because we do not disturb the trial court's injunction, we do not reach this issue.

requested a statement of decision. The court issued a statement of decision and a judgment in which it found that the motorcycle races held at the fairgrounds were a nuisance because they produced excessive noise. The court issued an injunction and awarded damages. The damages award was based on the number of days of motorcycle racing to which each plaintiff had been subjected. Each plaintiff was awarded $500 per day of motorcycle racing in the years during which they owned and/or resided on their real property. The court found that there had been 21 days of motorcycle racing in 1988 and 1989, and it awarded $10,500 each to plaintiffs Allan, Rosie, Greg and Carolyn Renz for that period of time. Plaintiffs Terri and Charles Doglione did not have any interest in any of the real property adjoining the fairgrounds until June 1989. The court awarded $2,625 each to Terri and Charles Doglione for that same period of time. The court determined that there had been six days of motorcycle racing in 1990, two days in 1991, and eight days in 1992. Therefore, it awarded $8,000 to each plaintiff for this period of time.

The injunction limited the extent to which defendant could conduct motorized events at the fairgrounds. This injunction limited defendant to five days of motorized events each year during non-fair-time, specified the types of vehicles which could be used in such events, limited the hours of such events, imposed a "noise standard of 82 dba at 50 feet to be measured by an objective and verifiable method at the loudest point on the race track" and required strict enforcement of this standard. The injunction also prevented defendant from permitting amplified music to be played outdoors at the fairgrounds after 10 p.m. In a subsequent order, the trial court denied plaintiffs' request for their attorney fees.

## Discussion

### A. *Sufficiency of the Evidence*\*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

### B. *Damages*

Defendant makes numerous challenges to the plaintiffs' damage award. Some of these contentions have merit. The net result is that Allan, Rosie, Greg and Carolyn are entitled to recover $13,000 each, and Terri and Charles Doglione are entitled to recover $9,500 each in damages. The remainder of the damage award must be stricken.

---

\*See footnote, *ante*, page 61.

### 1. Postcomplaint Period

■ Defendant claims that plaintiffs are only entitled to recover damages for the period prior to the commencement of their action.[8] It relies solely on language in a 1985 California Supreme Court case. We conclude that this language is dicta, we are not bound thereby, and we respectfully conclude that the statement in that case is incorrect.

The noise, dust and fumes produced by activities on defendant's property were a "continuing" nuisance. The California Supreme Court case upon which defendant relies contains the following language. "[I]f a nuisance is a use which may be discontinued at any time, it is considered continuing in character and persons harmed by it may bring successive actions for damages until the nuisance is abated. [Citation.] Recovery is limited, however, to actual injury suffered *prior to commencement of each action.* Prospective damages are unavailable." (*Baker* v. *Burbank-Glendale-Pasadena Airport Authority* (1985) 39 Cal.3d 862, 869 [218 Cal.Rptr. 293, 705 P.2d 866], italics added.) The first and third sentences of this passage from *Baker* are unassailable. The second sentence is the one challenged by plaintiffs. They claim that this sentence is dicta, and they ask us to rule that damages suffered between commencement and conclusion of a continuing nuisance action are recoverable in that action.

We have found no other case authority which contains a *holding* on the issue of whether damages accrued between the commencement and the conclusion of a continuing nuisance action are recoverable in that action. The only California Supreme Court opinions which mention this rule provide no insight into the rationale for prohibiting a continuing nuisance plaintiff from recovering damages accrued between the commencement and conclusion of the action. In *Hopkins* v. *W. P. R. R. Co.* (1875) 50 Cal. 190, the plaintiff had recovered damages for the diminution in value of property adjacent to where a railroad had been built by the defendant. The court decided that evidence of diminution in the value of the plaintiff's property "as a family residence" was improperly admitted at trial because the real question was whether the property had lost value, not whether it had lost value *for a particular purpose.* (*Hopkins, supra,* 50 Cal. at pp. 194-195.) In the course of the court's discussion of nuisance law, it mentioned that, in a continuing nuisance action, ". . . the defendant was liable only for the

---

[8]Defendant claims that plaintiffs' action was commenced in February 1990, and therefore plaintiffs may not recover damages for events in 1990. Plaintiffs did file an action in February 1990, but this was not an action for damages. It sought solely injunctive relief. Their action for damages was originally filed in October 1990. Hence, they may unquestionably recover damages for events occurring during the three years prior to October 1990.

damages actually sustained prior to the commencement of the suit." (*Id.* at p. 194.) This statement was dicta because it was not necessary to the court's decision that the trial court had erred in admitting evidence of the diminution in the property's value as a residence.

In *Kafka* v. *Bozio* (1923) 191 Cal. 746 [218 P. 753, 29 A.L.R. 833], the California Supreme Court again mentioned that a continuing nuisance plaintiff "is not barred of a recovery for such damages as have accrued within the statutory period beyond the action . . . ." (*Kafka* at p. 751.) *Kafka* was an appeal by the plaintiffs from a defense verdict in the plaintiffs' action to abate a nuisance and recover damages. On appeal, the plaintiffs "waive[d] all claim for damages" and the only issue was whether the plaintiffs were entitled to abatement of the nuisance. Consequently, the California Supreme Court's reiteration of the damages limitation is not part of the holding in *Kafka*. Nevertheless, *Kafka* provides some insight into the origin of the *Baker* language. *Kafka* quotes a treatise on the issue as follows: " 'Successive actions may be brought if the nuisance continues by the continuous fault of the defendant. In the first action the question whether the acts complained of constitute a nuisance or not is to be determined; and where there is no ground for imputing any wanton or intentional wrong the damages are confined to the actual injury from the nuisance and its continuance *to the date of the writ.*' " (*Kafka* at p. 752, quoting 4 Sutherland on Damages (4th ed.) p. 3849, italics added.) The word "writ" may refer to the commencement of an action, but it may alternatively refer to a court order. (Black's Law Dict. (5th ed. 1979) pp. 1441-1442.) Hence, the treatise upon which *Kafka* relied may have intended to convey the idea that continuing nuisance damages are recoverable throughout the period until the court issues its ruling.

Finally, in *Spaulding* v. *Cameron* (1952) 38 Cal.2d 265 [239 P.2d 625], the California Supreme Court again repeated this language, citing *Hopkins.* In *Spaulding*, the plaintiff recovered damages for "physical damage" to her property and diminution in value of her property, and she obtained an injunction. (*Spaulding* at p. 266.) On appeal, the defendant claimed that the plaintiff was not entitled to recover diminution in value damages because she obtained an injunction. The plaintiff asserted that abatement was impossible, so diminution in value damages were appropriate. (*Id.* at p. 267.) The court noted that "[i]n early decisions of this court it was held that it should not be presumed that a nuisance would continue, and damages were not allowed for a decrease in market value caused by the existence of the nuisance but were limited to the actual physical injury suffered before the commencement of the action." (*Ibid.*) *Spaulding* contains no analysis of this issue, and this statement was not part of its holding since the only issue in

*Spaulding* was whether diminution in value damages can be obtained in an action where the nuisance is abated. (*Id.* at pp. 267-270.) The California Supreme Court remanded the action to the trial court for a determination as to whether the nuisance was continuing or permanent because diminution in value damages were available only if the nuisance was permanent while injunctive relief was only available if the nuisance was not permanent. (*Id.* at p. 270.)

In sum, none of the California Supreme Court cases which preceded *Baker* contained a holding on this issue. While numerous Court of Appeal decisions mention that continuing nuisance damages may be recovered only for damages suffered prior to the *commencement* of the action (*Capogeannis* v. *Superior Court* (1993) 12 Cal.App.4th 668 [15 Cal.Rptr.2d 796] [writ issued reinstating nuisance cause of action noting that the plaintiffs "intend to pursue their unbarred claim for continuing nuisance and trespass, limited to recovery for actual injury suffered with the three years immediately preceding" the filing of their complaint]; *CAMSI IV* v. *Hunter Technology Corp.* (1991) 230 Cal.App.3d 1525, 1542 [282 Cal.Rptr. 80] [dicta]; *Institoris* v. *City of Los Angeles* (1989) 210 Cal.App.3d 10, 19 [258 Cal.Rptr. 418] [citing *Baker* in dicta]; *Coats* v. *Atchison etc. Ry. Co.* (1905) 1 Cal.App. 441, 444 [82 P. 640] [dicta]), we are not bound by any of these decisions. The question before us is whether we are bound by the language on this point in the aforementioned sentence in *Baker*. If that sentence is part of the *holding* in *Baker*, we are bound by it, and we must reverse the portion of plaintiffs' damage award which covers the period after plaintiffs filed their complaint for damages in October 1990. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)

Plaintiffs argue that we are not bound by this language because it is dicta. We agree. The issue in *Baker* was whether the trial court had erred in dismissing a nuisance action as barred by the statute of limitations. Baker had filed a nuisance action in 1982 seeking to recover damages for a nuisance which began in January 1978. (*Baker* v. *Burbank-Glendale-Pasadena Airport Authority, supra,* 39 Cal.3d at p. 868.) In 1985, the California Supreme Court held that the statute of limitations had not expired prior to the 1982 commencement of Baker's action because a continuing nuisance action may be brought at any time during the continuation of the nuisance to recover accrued, but not prospective, damages. (*Id.* at p. 869.) The California Supreme Court based its holding on one of the crucial distinctions between permanent and continuing nuisances. Recovery in a continuing nuisance case is always limited to accrued, as opposed to prospective, damages, whereas in a permanent nuisance action both accrued and prospective damages may be recovered. The California Supreme Court held that Baker was not barred

from seeking accrued continuing nuisance damages. Because the only issue before the California Supreme Court was whether Baker's action was or was not barred by the statute of limitations, its statement about the damages period was not necessary to its decision and therefore does not bind this court. (*Auto Equity Sales, Inc.* v. *Superior Court, supra,* 57 Cal.2d 450, 455.)

In the absence of this language in *Baker,* it is clear that damages incurred between the commencement and the conclusion of a continuing nuisance action should be recoverable in that action. "Damages may be awarded, in a judicial proceeding, for detriment resulting after the commencement thereof . . . ." (Civ. Code, § 3283.) In an action to abate a continuing nuisance, the plaintiff will ordinarily file an action for both injunctive relief and damages. While the plaintiff may seek a temporary restraining order (TRO) at the time of the commencement of the action, the plaintiff may still suffer additional injuries from the continuing nuisance between the *commencement* of the action and the conclusion of the action (i.e., the judgment) if either a TRO is not issued or is not obeyed.[9] If damages incurred between the commencement and the completion of the action were not recoverable, plaintiffs in many continuing nuisance actions would be forced to bring an additional action even if they ultimately obtained an injunction preventing further damage. Requiring repetitive litigation is not in the interests of justice and judicial economy. The Civil Code permits recovery of such damages in a single action, and *Baker* does not bind us to reach a contrary result. Plaintiffs were entitled to recover damages suffered between the commencement and the conclusion of their action.

2., 3.*

. . . . . . . . . . . . . . . . . . . . . . . . . .

C., D.*

. . . . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The trial court's damage award is hereby modified in the following respects. Allan, Rosie, Greg and Carolyn Renz shall recover $13,000 each, and Terri and Charles Doglione shall recover $9,500 each. In all other respects, the judgment is affirmed. The order denying plaintiffs their attorney fees is affirmed. Plaintiffs shall recover their costs on appeal.

Wunderlich, J., concurred.

---

[9]In this case, plaintiffs' request for a TRO was denied, so they continued to suffer additional damages after the filing of their legal action.

*See footnote, *ante,* page 61.

**BAMATTRE-MANOUKIAN, Acting P. J.,** Concurring.—I agree with the result my colleagues reach. In particular I agree that, where a plaintiff seeks both an injunction and damages as remedies for a continuing nuisance, it is proper, in the interests of justice, to award damages for harm caused by continuation of the nuisance after the action is filed and until the nuisance is actually enjoined. But I would reach this conclusion by somewhat different reasoning.

The common law has long recognized, as a general rule, that although the facts constituting the plaintiff's claim (or "cause of action") must have occurred before his or her complaint is filed, the plaintiff should be entitled to recover damages for all harms *resulting from* the actionable facts, including harms resulting while the action is pending and even harms reasonably certain to occur in the future. (McCormick, Law of Damages (1935) § 13, p. 47.) Civil Code section 3283 codifies this well-established rule of damages.

Continuing nuisance presents a special situation. As explained and rationalized in several of the cases my colleagues have discussed, every repetition of a continuing nuisance is considered a separate wrong for which the person injured may bring a separate action. Where (as, for example, in *Capogeannis* v. *Superior Court* (1993) 12 Cal.App.4th 668 [15 Cal.Rptr.2d 796] and in *Baker* v. *Burbank-Glendale-Pasadena Airport Authority* (1985) 39 Cal.3d 862 [218 Cal.Rptr. 293, 705 P.2d 866]) an otherwise abatable nuisance cannot (for various reasons) be enjoined but will continue from day to day until otherwise abated, each day's recurrence of the offensive condition will give rise to a new cause of action which will support a claim for that day's harms. In theory it is possible that harm will result today from yesterday's recurrence, but as a practical matter today's recurrence will supersede any claim for harm which might otherwise be attributed to yesterday's recurrence. In such circumstances, it may be said that Civil Code section 3283 is simply inapplicable because there will be no "detriment resulting" from yesterday's recurrence "after the commencement" of today's lawsuit thereon, and no detriment "in the future." Where the nuisance will recur essentially automatically and the court cannot abate the nuisance by injunction and cannot thus avert the possibility of repetitive lawsuits, the rule stated in *Baker* and many other cases and texts makes sense: The plaintiff's damages should be limited to harms suffered yesterday (and on previous days back through the period of the statute of limitations), and the plaintiff should be allowed to bring another lawsuit, later, for harms assertedly suffered today and tomorrow.

But "[t]his practice of remitting the plaintiff to a later suit for the continuance of harmful conduct after the commencement of the action and

before the trial, while a logical application of the theory of successive rights of action for successive wrongs, has the obviously inconvenient result of increasing litigation over what may broadly be regarded as a single controversy." (McCormick, Law of Damages, *supra*, § 13, p. 51.) Where the continuing nuisance can be enjoined and future lawsuits thus averted, a rule to permit courts to give complete relief in today's lawsuit, notwithstanding the dry plausibility of the *Baker* rule in cases such as *Baker* and *Capogeannis*, is needed as a matter of sound judicial policy.

Such a rule has long been available in what was, historically, the equity jurisdiction. "In equity, when suits for injunction were brought to restrain the continuance of a nuisance or like continuing injury, this consideration of convenience prevailed. These courts, in order to terminate the entire controversy in one suit, will, in the injunction suit, give as an incident thereto compensation for the loss or injury already suffered, and, carrying out the same policy, will allow recovery for the harm or damage sustained through the continuance of the wrong down to the time of the final disposition of the case." (McCormick, Law of Damages, *supra*, § 13, p. 51, fn. omitted; cf. *Razzano* v. *Kent* (1947) 78 Cal.App.2d 254, 263-264 [177 P.2d 612].) California has explicitly recognized "the duty of the trial court," in the exercise of historically equitable jurisdiction, "to adjust the rights of the parties up to the time of the entry of judgment and to leave nothing open to further litigation" (*Union Oil Co.* v. *Mutual Oil Co.* (1937) 19 Cal.App.2d 409, 412 [65 P.2d 896]; cf. *Union Oil Co.* v. *Reconstruction Oil Co.* (1937) 20 Cal.App.2d 170, 183 [66 P.2d 1215]), and the trial court's "power to make an award of damages that were purely incidental to the equitable relief originally sought" even in the absence of "a supplemental complaint alleging the existence of facts which occurred subsequent to the filing of the original complaint." (*Union Oil Co.* v. *Reconstruction Oil Co.*, *supra*, 20 Cal.App.2d at p. 184; cf. *Hutcherson* v. *Alexander* (1968) 264 Cal.App.2d 126, 136 [70 Cal.Rptr. 366, 38 A.L.R.3d 636]; *Collins* v. *Sargent* (1928) 89 Cal.App. 107, 112-116 [264 P. 776].)

The case before us provides a clear example of proper exercise of historically equitable jurisdiction to afford complete relief and thus to bring this dispute to closure.

The petition of appellant 33rd District Agricultural Association for review by the Supreme Court was denied January 18, 1996.